For opinion dismissing the appeal and denying former petition for rehearing, see 119 Or. 74. Submitted on second petition for rehearing September 7, 1926. Rehearing denied September 14; second application for reconsideration of petition for rehearing denied October 5, 1926.

## H. W. SITTON, TRUSTEE, *v.* M. L. GOODWIN.

(249 Pac. 362.)

**Appeal and Error.**

1. Where time allowed to file transcript on appeal as extended expired, subsequent orders extending time were nullities under Section 554, Or. L.

**Appeal and Error.**

2. Appellant exhausted permission to file abstract of record within extended time by filing what he termed an abstract within such time.

Exceptions, Bill of.
3. When no extension of time to file bill of exceptions was granted within time prescribed by court rule for their filing, subsequent *ex parte* orders of Circuit Court judges extending time were nullities.

Appeal and Error, 4 C. J., p. 282, n. 16, p. 607, n. 93.

From Multnomah: T. E. J. DUFFY, Judge.

In Banc.

REHEARING DENIED.

For the petition *Mr. L. A. McNary* and *Mr. Frank J. Lonergan.*

*Contra, Mr. S. J. Bischoff* and *Messrs. Platt, Platt, Fales & Smith,* and *Mr. George Black, Jr.*

BURNETT, J.—A petition for rehearing concerning the dismissal of the defendant's appeal was denied by an opinion filed July 27, 1926. He has since filed an application to reconsider the last-named decision. In his petition he criticises the statement made in the former opinion that "there is no order extending the time to file the abstract." He then recites that an order was filed in this court, made by one of the justices, on October 15, 1925, granting an extension of time to the thirty-first day of the same month in which to file an abstract of record and an additional order on the latter date extending the same to November 30th, and finally one on this last-named date extending the time to December 31, 1925. We must remember, however, that the time for filing the transcript normally expired on September 4, 1925, that being within thirty days after perfection of the

3. See 2 R. C. L. 145.

appeal. A judge of the Circuit Court, within that time, operating under subdivision 2 of Section 554, Or. L., made an order under date of September 2, 1925, extending the time within which to file the transcript to and including September 14, 1925.

Recurring now to the second subdivision of Section 554, Or. L., we find that:

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

1, 2. We must bear in mind also that, operating under the order of September 2d, the defendant filed what he termed an abstract in this court on September 12, 1925. Not having been made within the time allowed to file the transcript, as thus extended, the orders, referred to in the brief of the defendant as made in October and November, must be treated as nullities under the clause of the section just quoted. Hence, legally, the statement that there was no order extending the time to file the abstract is strictly correct. These orders were out of time. Moreover, the defendant had operated under and exhausted his permission by filing what he termed an abstract on September 12th.

3. The numerous *ex parte* orders of the Circuit Court judges, extending the time within which to file the bill of exceptions, the first of which was made on September 14, 1925, must suffer the same fate, for the

reason that no extension of time was granted within the time prescribed by the rule of that court for filing a bill of exceptions. There is a gap in the chain of orders which cannot be abridged without a violation of the rule. If we held otherwise, it would be but a step further to authorize an extension of time within which to serve and file a notice of appeal. The provisions of Section 554, Oregon Laws, have not been complied with and, in the words of that section ''after compliance with the provisions hereof, the appellate court shall have jurisdiction of the cause, but not otherwise.''

On the record before us, giving to it the most favorable statement claimed by the appellant, we have no jurisdiction of the matter in controversy and can only enforce the judgment against the surety on appeal for a stay of proceeding as provided in subdivision 3 of that section. We must adhere to the former opinion.                REHEARING DENIED.