On motion to dismiss appeal, decided February 10, 1914.

## SABIN v. OWENS CONST. CO.

(138 Pac. 844.)

**Appeal and Error—Record—Time for Filing Transcript.**

1. Where an appeal undertaking was served November 22, 1913, and the transcript did not reach the clerk of the Supreme Court till December 30th, the court will not order it filed as of Monday, December 29th, though it was mailed on December 27th, and in due course of mails should have reached the clerk on December 29th.

**Appeal and Error—Record—Time for Filing Transcript.**

2. Under Section 550, L. O. L., providing that an appeal is perfected on the expiration of the time for excepting to sureties on the undertaking, the 30 days allowed by Section 554 for filing the transcript, including a copy of the judgment, the notice of appeal with proof of service, and the undertaking on appeal, runs from that time, and not from the filing of the bill of exceptions.

[As to validity of statute validating appeal taken after time to appeal has elapsed, see note in Ann. Cas. 1913D, 1261.]

From Multnomah: HENRY E. McGINN, Judge.

This is an action by R. L. Sabin against the Owens Construction Company, a corporation, Thomas Owens and the American Surety Company of New York, a

corporation. There was a judgment in the court below in favor of plaintiff, and defendant, the American Surety Company, appeals. Respondent now moves to dismiss the appeal.        Appeal Dismissed.

*Messrs. Emmons & Webster,* for the motion.

*Messrs. Kollock & Zollinger, contra.*

In Banc.   Mr. Justice Eakin delivered the opinion of the court.

This is a motion to dismiss the appeal because the transcript was not filed within the time required by law.

1. The undertaking on appeal was served on respondent on the 22d day of November, 1913. Respondent had five days thereafter in which to except to the sureties, which included all day the 27th of November. Thirty days thereafter would expire on December 28th, which fell on Sunday, and the transcript must have been filed on the 29th. It was not filed until the 30th. Appellant now asks the court to direct it to be filed as of the 29th, assigning two grounds for the request. He claims: First. That it was mailed to the clerk of this court on the 27th, and in due course of the mail should have reached the clerk's office on the 29th; but this is asking the court to disregard the direction of the statute in the matter, which is purely jurisdictional, and does not depend on the regularity of the mails, nor is it a question of service on the clerk. The transcript must be in the hands of the clerk within the 30 days.

2. Appellant's second contention is that the bill of exceptions was not filed until December 18th, and that the 30 days for filing the transcript should be computed from that time; but by Section 550, L. O. L., the appeal is perfected upon the expiration of the time

allowed to except to the sureties on the undertaking, and the transcript must be filed within 30 days thereafter.   The transcript, for the purpose of conferring jurisdiction, consists of a copy of the judgment, the notice of appeal with proof of service, and the undertaking on appeal: Section 554, L. O. L.

The appeal is dismissed.          APPEAL DISMISSED.