## OBERLIN *v.* OREGON–WASHINGTON R. & N. CO.

(151 Pac. 367.)

(See 71 Or. 177; 142 Pac. 554.)

**Appeal and Error—Proper Showing to Complete Transcript Allowed.**

1.   Where it is shown that failure to complete transcript was on account of sickness, and want of assistance in transcribing shorthand notes of the evidence, a rule on the clerk of the lower court will be made to supply the omission under Section 555, L. O. L., and the appeal will not be dismissed for insufficient transcript.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by Frank R. Oberlin against the Oregon-Washington Railroad & Navigation Company, a corporation. The following facts appear of record:

Judgment was rendered by the Circuit Court in this cause October 13, 1914. Notice of appeal and undertaking were served by appellant upon respondent on December 7, 1914. Appellant, on January 8, 1915, filed in this court a transcript of the judgment, notice of appeal and proof of service thereof, and undertaking on appeal and proof of service of the latter. This was during the October term of 1914. On July 29, 1915, respondent filed a motion to dismiss the appeal herein for the reason that appellant has not filed a transcript or abstract as required by Section 554, L. O. L., as amended by Laws of 1913, page 618. The appealing defendant, by a cross-motion, supported by affidavit, requests that it be allowed to supply a defect in the transcript by filing an abstract containing a bill of exceptions, together with the evidence attached thereto, and asks for a rule on the clerk of the lower court to certify and return the same.

MOTION DENIED.

APPEAL DISMISSED ON STIPULATION.

*Messrs. Sinnott & Adams,* for the motion.

*Mr. William W. Cotton, Mr. Arthur C. Spencer* and *Mr. Charles E. Cochran, contra.*

MR. JUSTICE BEAN delivered the opinion of the court.

It will be noticed that the motion to dismiss is not for want of a transcript, but because that document is insufficient. Respondent filed objections to the granting of further time for the completion of the transcript or the filing of an abstract. That this court has juris-

diction of the cause must be conceded.  Any question arising in regard to the pleadings can be examined without any amplification of the record.

It is shown by affidavit on the part of appellant that the delay in perfecting the record was caused by the inability of defendant to obtain a transcript of the evidence and proceedings in the case from the court reporter who took notes of the evidence; that affiant was delayed in furnishing such typewritten transcript on account of sickness in his family and want of assistance in deciphering and transcribing such shorthand notes; that the delay was not the fault of defendant. Under these circumstances the remedy should be allowed as provided for in Section 555, L. O. L., to the effect:

"When it appears by affidavit to the satisfaction of the court that the transcript is incomplete in any particular substantially affecting the merits of the judgment or decree appealed from, on motion of the respondent the court shall make a rule upon the clerk of the court below, requiring him to certify as to such alleged omission, and if true, to transmit to the appellate court a certified copy of the pleading, entry, order, or other paper omitted in the transcript; or, in such case, the respondent may move to dismiss the appeal, and the court shall allow such motion unless, on the cross motion of the appellant, it makes a rule upon the clerk concerning such omission, as provided in this section."

Defendant asks until September 15, 1915, to submit an abstract of the record.  It appears to be an overworked court officer, and not an attorney, that necessitates the time concerning the omission.

The motion to dismiss should be denied and the rule on the clerk of the lower court made as indicated above; and it is so ordered.                    MOTION DENIED.

DISMISSED ON STIPULATION.