Argued and submitted on motion to dismiss appeal April 1, appeal dismissed May 24, 1927, rehearing denied June 21, objections to cost bill sustained July 12, 1927.

# A. W. WALKER v. FIREMAN'S FUND INSURANCE COMPANY.

## (257 Pac. 701.)

**Appeal and Error—Filing, Within Thirty Days, of Transcript Containing Copy of Judgment, Notice of Appeal and Proof of Service Gives Supreme Court Jurisdiction, Though Abstract is Subsequently Filed (Rules of Supreme Court, Rules 1, 6, 11; Or. L., § 554).**

1. Filing, within thirty days after perfecting of appeal, of transcript containing certified copy of judgment, notice of appeal and proof of service thereof, and of undertaking on appeal, and nothing more, is sufficient, under Section 554, Or. L., to give Supreme Court jurisdiction of cause so that subsequent filing of abstract in compliance with Rules of Supreme Court, Rules 1, 6, 11, entitles appellant to be heard.

**Appeal and Error—What Supreme Court can Do by Order It can Do by Rule, in Setting Time for Filing Papers on Appeal (Or. L., § 554).**

2. What Supreme Court can do by order it can do by rule, in setting and extending time for filing papers and documents on appeal, under Section 554, Or. L.

**Appeal and Error—Where Appellant Files Transcript and Abstract, Transcript must Contain Certified Copies of Judgment, Notice and Proof of Service, and of Undertaking.**

3. Where appellant files transcript and abstract, as rules of Supreme Court require, transcript must contain certified copies of judgment or decree, notice and proof of service, and undertaking, and this is jurisdictional.

**Constitutional Law—How Much of Record is Necessary to Present Question on Appeal is for Judicial, not Legislative, Determination.**

4. Question of how much of record may be necessary to intelligibly present question to be decided on appeal is question for judicial determination, and not question of legislation.

**Courts—Construction of Statute Applied and Adopted by Repeated Decisions is Binding on Court.**

5. When statute has been once construed and that construction has been applied and adopted by repeated decisions, it is binding on court, even though different construction might be placed on same statute were question not foreclosed by such decisions.

---

2. See 7 R. C. L. 1025.
5. See 7 R. C. L. 1000.

Courts—Rule of Court Declaring What Litigant must Do to Comply With Statute is "Construction of Such Statute" and Binding on Court.

6. Promulgation of rule by court declaring what litigant must do to comply with statute is, as to matters covered by rule, construction of statute, which is binding on court in respect to such matters.

Exceptions, Bill of—Appeal will not be Dismissed for Delay in Filing Bill of Exceptions in Lower Court, and in Supreme Court Due to Inability to Secure Transcript from Reporter.

7. Appeal will not be dismissed for delay in filing bill of exceptions in Supreme Court, or for interval between time of trial and time when bill of exceptions was filed in lower court, where delay was due to inability to obtain transcript from court reporter without fault of appellant.

Appeal and Error—Requirement for Filing of Abstract on Appeal Within Time Limited Held not Jurisdictional—"Jurisdiction."

8. Requirement for filing of abstract on appeal within time limited, containing sufficient of record for proper understanding of question for decision *held* not jurisdictional; "jurisdiction" meaning power to hear and determine questions presented for decision on appeal.

Appeal and Error—Appeal will be Dismissed Where Record Necessary to Present Questions to be Decided was not Filed Until After Term Next Following Appeal.

9. Appeal will be dismissed where record necessary to intelligibly present questions to be decided was not filed until after term next following appeal, for, while provisions of statute for filing within stipulated time are not jurisdictional, they are mandatory.

ON PETITION FOR REHEARING.

Appeal and Error — Where Transcript and Abstract are Filed on Appeal, Filing of Transcript Only is Jurisdictional.

10. Where both transcript and abstract are filed on appeal, the filing of transcript is jurisdictional, and filing of abstract is not jurisdictional.

Appeal and Error—Where Transcript and Abstract are Filed on Appeal, Transcript must be Filed Within Thirty Days After Perfecting Appeal, or Extension of Such Time.

11. Where both transcript and abstract are filed on appeal, transcript must be filed within thirty days after perfecting of appeal, or within some extension of time, made before expiration of time when transcript could be filed.

Appeal and Error—After Filing of Transcript on Appeal, Abstract must be Filed Within Time Prescribed by Court, Which may be Extended Even After Default (Supreme Court Rules 1, 6, 11).

12. After filing of transcript on appeal, filing of abstract, not being jurisdictional, must be within time prescribed by Supreme

Court Rules, 1, 6, 11, and Supreme Court may on sufficient showing relieve appellant from default, and permit filing after prescribed time, and order extending time need not be made before default.

**Appeal and Error—Appellant, After Filing Transcript, is not Required to File Abstract, Since Filing of Pleadings Would Constitute Compliance With Statute (Or. L., § 554).**

13. It is not necessary for appellant, after filing transcript on appeal, to file abstract, since filing of pleadings would constitute compliance with Section 554, Or. L., before expiration of term next following appeal, by presenting question of sufficiency of complaint, lower court's jurisdiction, and whether judgment on pleadings was warranted.

**Appeal and Error—Something More Than Short Transcript must be Filed Before Expiration of Term Next Following Appeal, or Appeal will be Dismissed (Or. L., § 554).**

14. There can be nothing in record for decision on appeal, unless something more than short transcript is filed before expiration of term next following appeal, and in case of such failure appeal will be dismissed, in view of Section 554, Or. L.

**Appeal and Error—Failure to File Anything Except Short Transcript in Appellate Court Before Expiration of Term Next Following Appeal Held not Waived by Delay in Making Motion to Dismiss Appeal (Supreme Court Rule 23).**

15. Failure to file anything except short transcript in appellate court before expiration of term next following appeal is not waived, under Rule 23 of Supreme Court, by failure to make motion to dismiss appeal within time provided, since such failure to file resulted in total want of jurisdiction.

**Appeal and Error—Mode of Appeal must Follow Statute.**

16. Mode of appeal must follow statute, and, when statute requires that appeal shall be in specified manner, it must be followed as to time, and manner of fulfilling all statutory directions.

## ON OBJECTIONS TO COST BILL.

**Costs—On Appeal, Prevailing Party, After Decision on Merits, or Respondent, After Voluntary Dismissal by Appellant, may Recover Expenses Incurred in Printing Brief.**

17. Expense incurred in printing of brief filed on appeal is disbursement which prevailing party is entitled to recover after decision on merits, for which respondent may recover on voluntary dismissal of appeal by appellant.

**Costs—Plaintiff Held not Entitled to Recover Cost of Printing Brief, Where Appeal was Dismissed for Loss of Jurisdiction for Defendant's Failure to File Abstract.**

18. Where appeal was dismissed because of loss of jurisdiction resulting from defendant's failure after filing transcript to further file abstract or some other part of record sufficient to present ques-

---

16.  See 2 R. C. L. 100.

tion for decision until after expiration of term next following appeal, plaintiff *held* not entitled to recover cost incurred in printing its brief.

Appeal and Error, 3 **C. J.**, p. 1039, n. 2, p. 1040, n. 12; 4 **C. J.**, p. 300, n. 75, p. 391, n. 66, p. 424, n. 80, p. 460, n. 13, 14, p. 463, n. 33, p. 464, n. 34, p. 466, n. 55, 60 New, p. 467, n. 68, p. 469, n. 6.

Costs, 15 **C. J.**, p. 240, n. 97, p. 249, n. 27, p. 271, n. 36.

Courts, 15 **C. J.**, p. 725, n. 87, p. 907, n. 79, 81 New, p. 909, n. 11.

From Jackson: C. M. THOMAS, Judge.

In Banc.

APPEAL DISMISSED.

For the motion, *Mr. Gus Newbury.*

*Contra, Mr. Charles Reames.*

RAND, J.—Plaintiff, in an action at law, had judgment in the court below and defendant appealed. The case is now here on plaintiff's motion to dismiss the appeal. The appeal was taken and perfected on August 10, 1925, and within thirty days thereafter defendant filed in this court a transcript consisting only of a certified copy of the judgment appealed from, the notice of appeal and proof of service thereof and of the undertaking. On March 1, 1926, which was the first day of the second term next following the perfecting of the appeal, an abstract of record was filed. The bill of exceptions was not filed until June 24, 1926.

1. Plaintiff's first contention is that the filing within thirty days after the perfecting of an appeal of a transcript containing a certified copy of the judgment, the notice of appeal and proof of service thereof and of the undertaking on appeal and nothing more, is not sufficient under Section 554, Or. L., to give this court jurisdiction of the cause, and that

the subsequent filing of an abstract as required by and in compliance with the rules of this court will not cure the defect. If this contention is sustained, it means the dismissal of a large number of appeals now pending in this court in cases where the appellant has acted in strict compliance with the rules of this court. The contention, however, is wholly untenable and arises from a construction recently placed on said section in *Sitton* v. *Goodwin,* 119 Or. 74 (248 Pac. 163), which is directly contrary to the well-settled construction previously given to that section.

Section 554 provides that:

"Upon the appeal being perfected the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; if the cause is one on appeal to the Supreme Court, which it is provided by law or rules of the court shall be submitted at Pendleton, the transcript and abstract shall be filed within the time and in the manner herein provided with the deputy clerk of the court at Pendleton; otherwise with the clerk of the court at Salem; and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise:

"1. If the appeal is from a decree and the cause is to be tried anew on the testimony, the clerk shall attach together the testimony, depositions and other papers on file in the office containing the evidence heard or offered on trial in the court below, and

deliver the same to the appellant, taking therefor his receipt in duplicate, one of which receipts he shall file in his office and the other deliver to the respondent when so requested. Such evidence shall be deemed a part of the transcript or abstract and shall be filed therewith.

"2. If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the Supreme Court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal.

"3. If the appeal be abandoned as provided in subdivision 2 of this section, thereupon the judgment or decree, so far as it is for the recovery of money, may, by the appellate court, be enforced against the sureties in the undertaking for a stay of proceedings, as if they were parties to such judgment or decree."

In order to finally and definitely settle and dispose of this contention we will attempt to analyze the statute and determine what it actually means, or, in other words, what steps must be taken by the appellant "before the appellate court shall have jurisdiction of the cause." It will first be observed that the statute authorizes the filing of either a transcript or an abstract and contains no prohibition against the filing of both and recognizes the power of this court to prescribe rules concerning the same. It also contains no definition of an abstract, thereby leaving to this court the determination of what it shall contain. It provides that the appellant shall "file with the clerk" "a transcript or such an abstract as the law

or the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the question to be decided.'' The first question naturally arising is, when must the transcript or abstract be filed? The statute directs that it must be filed within thirty days after the appeal is perfected unless ''the trial court or the judge thereof, or the Supreme Court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file (the) transcript, and shall not extend it beyond the term of the appellate court next following the appeal.'' The clause last quoted expressly confers upon both the trial court and this court the power to extend the time in which transcripts may be filed subject only to the two limitations expressed in the statute which are the order enlarging the time must be made within the time in which the transcript may be filed and the time shall not be extended beyond the term next following the appeal. There is, therefore, an express authority granted to this court to extend the time in which those papers may be filed subject only to the two limitations mentioned.

2. Now, it must be clear that what the court can do by order it can do by rule and that if it can extend the time for filing all of the papers and documents referred to in the statute, it can require that a part of them shall be filed as a transcript and the remainder in an abstract and may set one time for the filing of the transcript and another time for the filing of the abstract, provided only that the order is made within the time and that the time is not extended beyond the term next following the appeal. This is exactly what our rules do provide and what

they have always provided since the statute has been in its present form.

3. Adverting again to the statute the only things specifically mentioned are a certified copy of the judgment or decree, the notice and proof of service and of the undertaking, and where the appellant files both a transcript and an abstract as our rules require him to do, the transcript must contain certified copies of these three records and this has always been held to be jurisdictional. The only other thing required by the statute which the appellant must file is "so much of the record as may be necessary to intelligibly present the question to be decided," and this is qualified by the clause "as the law or the rules of the appellate court may require."

4. The question of how much of the record may be necessary to intelligibly present the question to be decided is a question for judicial determination and not a question of legislation. The expression used in the statute "as the law or the rules of the appellate court may require" evidences the intent of the legislature to leave to the court the determination of how much of the record must be filed in the appellate court, and this and the time in which it must be filed are to be ascertained from the rules of this court. There is no other way by which this can be determined than by the rules themselves, subject of course to the ultimate determination by this court of the question upon each record as it is presented here. There is, therefore, no basis for the contention that the transcript must contain everything required by the statute and that none of the essential parts can be presented in the form of an abstract.

5. Having settled what we think is the proper construction to be given to the statute, we will now en-

deavor to show that this construction is settled both by the rules of the court and by the decisions of this court, bearing in mind that when a statute has been once construed and that construction has been applied and adopted by repeated decisions, that construction is binding upon the court, even though a different construction might be placed upon the same statute were the question *res integra* and not foreclosed by previous decisions.

Before the 1913 amendment of this statute this court adopted Rule 1, which provides as follows:

"Transcripts on appeal in civil cases, shall consist of a page stating the title of the court, cause, names of the judge and attorneys, and a duly certified copy of the original judgment or decree, the notice of appeal, and the undertaking. If the appeal is from a decree, the transcript shall be accompanied by the original testimony, depositions, and other papers containing the evidence heard or offered on the trial, certified to by the clerk of the court below." 56 Or. 614.

At the same time and by Rule 6 the court prescribed that "within twenty days after the transcript is filed in a civil case, the appellant shall serve upon an attorney for each respondent a printed copy of so much of the record, prepared as hereinafter provided, as may be necessary to a full understanding of the questions presented for decision, and file with the clerk of this Court proof of such service, together with sixteen copies of said abstract, and no case shall be docketed for hearing until this and other rules are complied with, except by order of the Court," and by Rule 11 prescribed what the abstract should contain, how errors should be assigned and required the appellant to "set out briefly and concisely, the

errors relied upon for a reversal or modification of the order, judgment or decree appealed from,'' thus providing for the filing of the very thing required by the statute, namely, ''so much of the record as may be necessary to intelligibly present the question to be decided.'' In its preface to the rules now in force it is said that:

''In brief, upon the appeal being perfected in civil cases, the appellant must:

''1. File a certified copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal. This is jurisdictional and hence indispensable;

''2. File 'a transcript or such an abstract as the law or the rules of the appellate court may require.' ''

6. The promulgation of a rule by a court declaring what a litigant must do in order to comply with the requirements of a statute is as to the matters covered by the rule, a construction of the statute, and the construction thus placed on the statute is as binding upon the court in respect to such matters, as a decision rendered in due course of litigation. The rule is intended not only as a guidance for litigants, but also as a command for them to obey. When such a rule has been continued in force for a long period of time and litigants have relied upon it, if a different construction is to be adopted it ought not to be done without first changing the rule and giving notice thereof and then only as to cases subsequently arising.

In *St. Martin* v. *Hendershott*, 82 Or. 58 (151 Pac. 706, 160 Pac. 373), the motion to dismiss the appeal was made upon this identical ground. In denying the motion this court with the concurrence of all of its members said: ''The transcript in this case con-

sists of certified copies of the decree, notice of appeal and undertaking. This is just such a transcript as is prescribed by section 554, L. O. L. as amended by L. 1913, p. 612, and is sufficient to give the court jurisdiction." See, also, *MacMahon* v. *Hull*, 63 Or. 133, 137 (119 Pac. 348, 124 Pac. 474, 126 Pac. 3).

Again, in *Credit Service Co.* v. *Peters,* 116 Or. 138 (216 Pac. 742), on a motion to dismiss the appeal on the ground that the bill of exceptions had not been filed in this court until after the filing of the transcript, the abstract of record and appellant's brief, the motion was denied and this court without dissent said:

"The transcript as filed contained a certified copy of the judgment appealed from of the notice of appeal and proof of service thereof and of the undertaking on appeal. The filing of this transcript was jurisdictional and when these papers were filed this court acquired jurisdiction of this cause upon appeal. * * "

It will thus be seen that this court by its rules and by its former decisions has given to this statute a well-settled construction and has uniformly held that the filing in a law action within the time limited of a transcript containing only a certified copy of the judgment appealed from, the notice of appeal and proof of service and of the undertaking, is sufficient to give this court jurisdiction of the cause, and that the subsequent filing within the time limited of a printed abstract containing so much of the record as may be necessary to a full understanding of the questions presented for decision complies with all the requirements of the statute, and entitles the appellant to be heard upon the appeal.

From this it follows that the construction placed on this statute in *Sitton* v. *Goodwin* is incorrect and

that in so far as that decision conflicts with what is said here, it is hereby overruled.

7. As stated, the bill of exceptions was not filed in this court until June 24, 1926. The reason for the delay in filing the bill of exceptions was the inability of defendant to obtain from the court reporter a transcript of the evidence and this delay occurred without any fault or neglect on defendant's part. As we read the record, orders extending the time in which to file a bill of exceptions were made by the trial court and the bill of exceptions was finally settled and filed in that court and then as stated filed here. The contention is made that this appeal must be dismissed because of this delay in filing the bill of exceptions in this court and also because of an alleged interval between the time of the trial and the time when the bill of exceptions was filed in the lower court in which no order of extension had been made. The first contention is not tenable under the doctrine announced in *Credit Service Co.* v. *Peters, supra, Washburn* v. *Interstate Invest. Co.*, 26 Or. 436 (36 Pac. 533, 38 Pac. 620), *Garbade* v. *Larch Mountain Inv. Co.*, 36 Or. 368 (59 Pac. 711), and *McGregor* v. *Oregon R. & N. Co.*, 50 Or. 527 (93 Pac. 465, 14 L. R. A. (N. S.) 668). The last contention is not tenable under the doctrine announced in *West* v. *McDonald*, 74 Or. 421 (144 Pac. 655), *Francis* v. *Mutual Life Ins. Co.*, 61 Or. 141 (114 Pac. 921), and *McElvain* v. *Bradshaw*, 30 Or. 569 (48 Pac. 424).

8, 9. The statute directs that the appellant shall file "a transcript or such an abstract as the law or rules of the court may require of so much of the record as may be necessary to intelligibly present the question to be decided," and we have held in

accordance with our rules and decisions that the appellant must file both a transcript and an abstract, and that the transcript is sufficient in a law action if it merely contains a certified copy of the judgment, the notice of appeal and proof of service and of the undertaking, and that upon the filing of a transcript containing those papers only, this court has jurisdiction of the cause. We have also held and our rules so provide, that this must be followed within the time limited by a printed abstract which must contain sufficient of the record for a proper understanding of the question for decision, and that this latter requirement of the statute is not jurisdictional. The term "jurisdiction," as applied to the subject matter of this statute, means the power to hear and determine the questions presented for decision upon the appeal. The question of whether the papers filed in a given case do or do not present enough of the record to intelligibly present the questions to be decided is a judicial question which this court alone can decide, and which it has authority to decide in every appealed case. It is no more within the power of the legislature to determine that question than it would be for that body to decide whether a complaint filed in the Circuit Court states facts sufficient to constitute a cause of action; both are questions of law and both must be decided by courts having jurisdiction to make the decision and the power to decide them is exclusively reserved by the constitution of the state to the courts alone. However, the legislature does have the power to prescribe that the appellant shall file so much of the record as may be necessary to intelligibly present the questions to be decided, and it does have the power to prescribe the time in which that record

must be filed in this court. These provisions of the statute, while not jurisdictional, are mandatory and must be obeyed. As stated the printed abstract was not filed in this court until the first day of the second term following the appeal. Until that time there was no record presented here sufficient to explain any question to be decided upon the appeal. The statute expressly says that the time for filing the transcript or abstract may be extended; but it also provides that it shall not be extended beyond the term next following the appeal.

Appellant's failure to file this part of the record was fatal to the appeal and the motion to dismiss must therefore be allowed. And it is further ordered that a judgment be entered in favor of plaintiff and against the defendant Fireman's Fund Insurance Company and its surety upon appeal, the United States Fidelity & Guaranty Company, for the amount of the judgment entered in the court below with interest and costs in this court.

APPEAL DISMISSED AND JUDGMENT ENTERED.

BURNETT, C. J., Concurring in the Result.—There is called in question here the validity of the proceedings for a second appeal of this case. The action was to recover on a policy of insurance issued by the defendant and insuring a number of automobiles against loss by fire. The plaintiff recovered a judgment against the defendant which was reversed by an opinion of Mr. Chief Justice McBRIDE, reported in 114 Or. 545 (236 Pac. 267), on the ground that the proofs of loss contained untrue statements as to the number of cars insured and that the plaintiff was allowed to prove, without pleading estoppel, that the challenged statements were inserted in the proofs

by the defendant's agent, and further that there was error in allowing the attorney fee in an action begun less than eight months after proof of loss.

On a second trial a judgment was again rendered for the plaintiff on June 11, 1925. The defendant filed its notice of appeal and undertaking August 5, 1925. There being no objections to the surety, the appeal became perfect August 10, 1925. A copy of the notice of appeal with service thereof annexed and of the undertaking and judgment were filed in this court September 8, 1925. For convenience this collection of post-judgment documents will be referred to as the "short transcript." The pleadings and some other original papers were filed here October 13, 1926. The next term of this court following the perfection of the appeal was the October term held at Salem, beginning the first Monday in October, or October 5, 1925, and ending on February 28, 1926. The bill of exceptions was filed June 24, 1926, more than a year after the rendition of the judgment appealed from and nearly three months after the expiration of the term of this court next following the appeal.

The case is before us now on the motion of the plaintiff to strike from the files and records of this court the bill of exceptions, together with the appellant's abstract of record, for the reason that the bill of exceptions was not filed as a part of the transcript on appeal or within the time required by law to be filed in this court. The respondent further moves for an order affirming the judgment of the Circuit Court of Jackson County and for an order dismissing the appellant's appeal because the court has no jurisdiction to consider any of the records

122 Or.—13

and files for any other purpose than that of affirming the judgment of the lower court.

Before proceeding to discuss in detail the question involved, let it be premised that:

"The supreme court shall have jurisdiction only to revise the final decisions of the circuit courts; * * ." Or. Const., Art. VII, § 6.

According to the 1910 amendment of this article of the Constitution, Section 2b:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings."

It should be remembered also that a respondent is quite as much interested as an appellant in the judgment of the Circuit Court and that his rights should be protected with the same fidelity as those of the appellant. There has been a great variety of opinion rendered at different times on the subject of appeals and the procedure to be observed therein. Every species and shade of thought have been reflected in our own decisions. The result has been that the apostles of judicial reform, the press and the people, have cried out against the law's delays in the Supreme Court. Business in this tribunal is in a state of acute congestion so that it has become to the advantage of appellants to crowd the record with allegations of error and take advantage of the delay consequent upon involved proceedings.

The right of appeal is not inherent, natural or inalienable. It depends entirely upon statute and he who would appeal any case must comply with the en-

actments governing the same, for this court is one of limited jurisdiction with power only to revise the decisions of the Circuit Court. Appeals are not designed to enable an appellant to wear out the respondent by a Fabian policy of attrition, so that in the end the decision will go to the litigant with the longest purse and the greater capability of inventing questions of error for the consideration of the courts. In view of the state of judicial business and the general demand for reform in procedure, it is important that the courts themselves should work out needed betterments consonant with the statutes in force and map a course calculated to improve court practice when divested of old errors.

That appeals and appellate procedure are purely statutory in their nature is established by Section 1 of Article VII of the state Constitution, declaring that the Supreme, Circuit and County Courts are courts of record "having general jurisdiction, to be defined, limited, and regulated by law, in accordance with the constitution." Resorting then to the statute concerning appeals, we find Section 548, Or. L., opening with the declaration that:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. * * "

The matter of perfecting an appeal is prescribed by Section 550, Or. L., which says that:

"An appeal shall be taken and perfected in a manner prescribed in this section and not otherwise: * * ."

After delineating how notice may be given, either orally at the time of the rendition of the judgment or by written notice thereafter, the section requires the appellant within ten days from the giving of notice or service of notice of appeal to serve on the

adverse party or his attorney an undertaking on appeal which must be filed with proof of service within said ten ,days. The adverse party has five days after service of the undertaking within which to except to the sufficiency of the sureties in the undertaking or be deemed to have waived his right thereto.

"From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected." Section 550, Or. L.

The time within which an appeal may be taken is limited to sixty days from the entry of the judgment appealed from to the Supreme Court or thirty days if it is to the Circuit Court. The contention here involved centers around the proper construction to be placed upon Sections 554 and 554—1, Or. L., which are here set down in full:

"Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; if the cause is one on appeal to the supreme court, which it is provided by law or rules of the court shall be submitted at Pendleton, the transcript and abstract shall be filed within the time and in the manner herein provided with the deputy clerk of the court at Pendleton; otherwise with the clerk of the court at Salem; and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise:

"1. If the appeal is from a decree and the cause is to be tried anew on the testimony, the clerk shall

attach together the testimony, depositions and other papers on file in his office containing the evidence heard or offered on trial in the court below, and deliver the same to the appellant, taking therefor his receipt in duplicate, one of which receipts he shall file in his office and the other deliver to the respondent when so requested. Such evidence shall be deemed a part of the transcript or abstract and shall be filed therewith.

"2. If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal.

"3. If the appeal be abandoned as provided in subdivision 2 of this section, thereupon the judgment or decree, so far as it is for the recovery of money, may, by the appellate court, be enforced against the sureties in the undertaking for a stay of proceedings, as if they were parties to such judgment or decree."

"When an appeal is perfected the original pleadings and the original bill of exceptions shall be sent by the clerk, or other proper officer of the trial court, to the clerk of the supreme court or appellate court, and shall be a part of the transcript in the supreme court or appellate court so long as it may be needed there, and if the said papers are later required for use in the trial court, said papers shall be returned to the trial court and kept of record therein, the object being to require one original record to answer the purpose in each court, and the supreme court or appellate court is instructed to promulgate the necessary rules for the custody of the original record to accomplish this purpose."

Section 555, Or. L., reads thus in part: .

"When it appears by affidavit to the satisfaction of the court that the transcript is incomplete in any particular substantially affecting the merits of the judgment or decree appealed from, on motion of the respondent the court shall make a rule upon the clerk of the court below, requiring him to certify as to such alleged omission, and if true, to transmit to the appellate court a certified copy of the pleading, entry, order, or other paper omitted in the transcript; or, in such case, the respondent may move to dismiss the appeal, and the court shall allow such motion unless, on the cross-motion of the appellant, it makes a rule upon the clerk concerning such omission, as provided in this section, upon such terms as may be just."

It is laid down in Section 556, Or. L., that:

"Upon an appeal from a judgment, the same shall only be reviewed as to questions of law appearing upon the transcript, and shall only be reversed or modified for errors substantially affecting the rights of the appellant; * * and upon an appeal from a decree given in any court the suit shall be tried anew upon the transcript and evidence accompanying it."

Recurring to Section 554, we find that within thirty days after the perfection of the appeal, the appellant is required in mandatory language to "file with the clerk of the appellate court a transcript" or an abstract of what? The answer is in the very language of the section "of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal." What is the reason for any appeal? It is to correct the alleged errors of the Circuit Court. These are the questions to be decided by this court. How can we derive any information about the mistakes of the trial court from a notice of appeal or undertaking or even from

the judgment? The errors occurring happened before the rendition of the judgment and are not discernible from an inspection of the final deliverance of the court alone.

Respecting the function and value of the "short transcript," the following excerpts are instructive:

"The service and filing of the notice of appeal, and the execution and service of the undertaking thereon, does not of itself deprive the lower court of jurisdiction or confer jurisdiction on this court; that is accomplished by filing within 30 days thereafter the transcript in the case with the clerk of this court." *Harding* v. *Oregon-Idaho Co.*, 57 Or. 34, 37 (110 Pac. 412).

"In case of an abandoned appeal, it has been the practice since *Hadley* v. *Heatherly*, 2 Or. 117, for respondent to bring into this court certain portions of the record, and have the judgment affirmed *pro forma*, and out of this practice has grown what is now Rule 14, but it has never been supposed that by such a proceeding it acquired jurisdiction to hear and determine the cause or any question at issue therein. This practice simply provides a means by which respondent may have the fact that an appeal has been abandoned made a matter of record, but it cannot be used for the purpose of determining any controverted questions in the case." *Henrichsen* v. *Smith*, 29 Or. 475, 477 (42 Pac. 486).

Moreover, it is said in Section 556, Or. L., that:

"Upon an appeal from a ·judgment, the same shall only be reviewed as to questions of law appearing upon the transcript, and shall only be reversed or modified for errors substantially affecting the rights of the appellant. * * "

In any ordinary case, especially in this case, it is impossible to discover any questions of law in the "short transcript." There is in that brief compilation of notice, undertaking and copy of judgment, no

trace of "error substantially affecting the rights of the appellant." If the appellant would show error it must be otherwise than by the "short transcript." If that alone gives this court jurisdiction, why all these applications for more time to construct a bill of exceptions? If the "short transcript" meets the jurisdictional requirement of the statute "of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal," then the appellant needs nothing more for purposes of its appeal. Its argument is refuted by its own efforts to augment the record.

These sections of the Code demonstrate by positive and mandatory language that there must be a transcript and that it is composed of the records of the Circuit Court including the bill of exceptions. Of course, the primary significance of the term "transcript" is a word for word copy of the documents in question. By virtue, however, of the enactment of Section 554—1, the term has acquired a conventional meaning so that the original pleadings and bill of exceptions themselves when transmitted to the Supreme Court become the "transcript," so called. Originally, when clerks were paid fees by the folio for making up transcripts, including the entire judgment-roll, the term had its ordinary and natural meaning; but with the abolishment of copying fees and the establishment of salaries for the clerks came the legislation of sending up the original pleadings and bill of exceptions, all of which the statute says are part of the transcript. The matter is explained in the preface to the current edition of the Rules of the Supreme Court as follows:

"An appeal is heard upon the record made in the trial court. In the language of section 556, Or. L.,

a judgment in an action at law is reviewed 'upon the transcript,' and an appeal from a decree in a suit in equity is tried upon 'the transcript and evidence accompanying it.' The term 'transcript' was originally used in its literal sense, when the code was adopted in 1862, for the word was then employed to mean a copy of the entire judgment roll. While the term 'transcript' is retained in the code it does not now always mean the same thing as it did at first, for now the originals of pleadings and bills of exceptions, instead of copies thereof, may be filed and when thus brought into this court they 'shall be a part of the transcript.' In actions at law the statutory provision always has been that the only means by which the evidence can be brought into this Court is a bill of exceptions, and that is part of the judgment roll (Or. L., section 208); and hence whatever evidence is stated in the bill of exceptions necessarily appeared in a transcript or copy of the judgment roll. The original bill of exceptions, instead of a copy, is now sent to the Supreme Court. The evidence in a suit in equity is delivered to the appellant and such evidence is filed with and 'shall be deemed a part of the transcript or abstract.'

"Turning now to section 554, Or. L., it will be seen that the appellant must file a 'transcript or such an abstract as the law or the rules of the appellate court may require, of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal.' Formerly in civil cases an appellant was required to file a certified copy of the entire judgment roll; but now the appellant is required to furnish only such part of the judgment roll as is necessary intelligibly to present the question to be decided. At first the copy of the judgment roll was certified by the clerk, while the statute now permits the Court to make rules allowing printed abstracts. However, in actions and in suits there must be a certified copy of the judg-

ment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal. In this connection it is proper to call attention to section 554—1, Or. L., where it is provided that 'when an appeal is perfected the original pleadings and the original bill of exceptions shall be sent by the clerk, or other proper officer of the trial court, to the clerk of the Supreme Court or appellate court, and shall be a part of the transcript in the Supreme Court or appellate court so long as it may be needed there * * .'"

Remembering, therefore, that the object of an appeal is to correct alleged errors in the procedure of the Circuit Court and that it is impossible to discover such errors by mere inspection of the notice of appeal, as at present required, or the undertaking on appeal, or even from the final judgment of the Circuit Court, the reason and necessity of a transcript which will disclose those errors become apparent. Under the very words of the statute that transcript is found in the original pleadings and bill of exceptions. These are an integral and essential part of the record. Of course, in the language of Section 554, this transcript is required "together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal." If the word "transcript," whether in its original meaning or in the statutory signification imparted to it by Section 554—1, is to be satisfied by an exemplification called the "short transcript," why did the legislature see fit to put into the law the words "of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal"? If the advocates of the doctrine that the copy of the judgment, undertaking and notice are correct in calling that the transcript, why

the necessity of inserting the words last above quoted? What do they mean? Why would it not have been sufficient to leave them out entirely and say definitely that all that is necessary to give the court jurisdiction is to present the "short transcript"? Under the plainest rules of statutory construction, we cannot ignore the language requiring the appellant to point out by the record what he is complaining about. Serving and filing a "short transcript" are acts of the appellant and not of the trial court. All the errors of which complaint can be made have happened long before the creation of such documents. They disclose nothing to this court. They do not invoke jurisdiction for any purpose of the appeal on the merits of any case.

Discussing these matters in *Backhaus* v. *Buells*, 43 Or. 558 (72 Pac. 976), Mr. Justice WOLVERTON wrote thus, speaking of Section 554:

" * * The transcript, as defined by subdivision 1, was to be a copy of the judgment roll or final record, etc. In its present or amended form it merely provides that the appellant may file a transcript or such an abstract as the rules of the appellate court may require of so much of the record as may be necessary to present intelligently the questions to be decided. So that the term 'transcript' as it relates to the appeal, has been given a modified or different signification from that which originally obtained. Instead of being a copy of the judgment roll or final record it is now a certified copy of so much of the record as may be necessary to present intelligently the questions to be decided, which, as well as the abstract, must be accompanied with a copy of the judgment or decree appealed from, notice of appeal, etc. So that section 554 must now be interpreted with a view to its application to the new act relating to the transcript. The transcript and abstract are now, in substance, the same. The former,

however, comes under a certificate of the clerk of the court, while the latter is prepared from the record by the party appealing. If a transcript has been adopted for effectuating the appeal, and it appears that it is incomplete in any particular affecting the merits of the judgment or decree appealed from, the respondent may have the motion to dismiss, as employed in the present case. But, if the appellant has brought here such a transcript as is required by the preceding section, nothing more can be exacted of him, and the respondent should supply the missing record, if it is desired to present other questions upon his part in defense of the appeal."

Thus it is that taken in connection with the duty of the clerk of the trial court to forward to the appellate court "when the appeal is perfected" the original pleadings and bill of exceptions, a transcript is provided in every case, consisting of what the clerk of the Circuit Court is required to send to the Supreme Court, which must be accompanied by copies of the judgment, notice and undertaking as subordinate and not paramount documents.

So far discussion of the term "abstract" as used in the statute has been purposely omitted. The abstract is nothing more or less than an abbreviation of that same transcript and must contain what these statutes say it must contain, namely, so much thereof as may be necessary to intelligibly present the question to be decided by the appellate tribunal. Matter relating to abstracts appeared for the first time in the rules adopted August 2, 1894, declared effective October 1st of that year. As interpreted by *Fleischner* v. *Bank of McMinnville*, 36 Or. 553 (54 Pac. 884, 60 Pac. 603, 61 Pac. 345), the question as then presented was:

"Not jurisdictional, and the abstract being required in certain form, and containing certain matter for the benefit and assistance of the court, and to re-

lieve it as much as possible from the labor of searching in many instances through cumbersome records, and to enable it to ascertain at a glance the errors relied upon, it may, under certain contingencies, be excused entirely, or the court may dismiss the cause for nonobservance of requirements touching it.''

Those rules had certain requirements respecting every transcript. Under the legislation enacted up to that time and until the act approved February 22, 1899, jurisdiction was acquired solely on a transcript and not an abstract. Until 1899, abstracts were not jurisdictional. Indeed, the rules of October 1, 1894, had certain requirements about transcripts, about their printing and indexing, and the like, beginning first with the complaint, followed by the summons, demurrer or motion, order respecting the same, answer, reply, verdict of the jury and judgment and likewise a bill of exceptions, requiring also an insertion in the transcript of the notice of appeal and a certificate of the clerk of the filing of the undertaking. Then came the rule about printing and service of abstracts to the effect that within twenty days after the transcript is filed the appellant shall serve upon the attorney for each respondent a printed abstract, prepared as by the rule provided, containing a copy of so much of the record as may be necessary to a full understanding of the questions presented for decision. As stated in *Fleischner* v. *Bank of Mc-Minnville, supra,* this was simply for the convenience of the justices of this court. Litigation had increased to such an extent that it was a necessity that there should be some condensed form to which the judges could resort in considering the questions to be decided. Abstracts appeared as a statutory creation for the first time in the act of February 22, 1899. They were thus given legislative significance

but, as required for the original transcript, they included so much of the record as may be necessary intelligibly to present the questions to be decided by the appellate tribunal and not only that, but they must be accompanied by a copy of the judgment or decree appealed from, the notice of appeal and undertaking on appeal. All these ingredients were essential to the jurisdiction of the court, for the statute in plain words says:

"and thereafter the appellate court shall have jurisdiction of the cause and not otherwise."

To make the jurisdiction of the court depend solely upon transactions occurring after the final judgment of the Circuit Court is illogical and does not subserve the object for which an appellate court is constituted. As well might we say that a Circuit Court would acquire jurisdiction if a plaintiff issued and served only a summons without filing or serving a copy of the complaint.

In the apparent desire to do everything to aid an appellant and practically to ignore the rights of a respondent to enforce his judgment, the idea seems to have grown up that the time for sending a bill of exceptions may be extended indefinitely. Section 208, Or. L., reads thus:

"After docketing the judgment, and before the next regular term of the court, the clerk shall prepare and file in his office the judgment roll as provided in this section:

"1. If the complaint has not been answered by any defendant, he shall attach together in the order of their filing, issuing, and entry, the complaint, summons, and proof of service, and a copy of the entry of judgment;

"2. In all other cases, he shall attach together in like manner the summons and proof of service, the pleadings, bill of exceptions, all orders relating to a

change of parties, together with a copy of the entry
of judgment, and all other journal entries or orders
in any way involving the merits, and necessarily af-
fecting the judgment;

"3. In all cases, the clerk shall attach upon the out-
side of the judgment roll, a blank sheet of paper,
upon which he shall indorse the name of the court,
the term at which judgment was given, the names
of the parties to the action, and the title thereof, for
whom judgment was given, and the amount or nature
thereof, and the date of its entry and docketing."

The language of the section is plain that all this
must be done before the next regular term of the
court, including the framing of a bill of exceptions,
else how can the clerk, as required by that section,
"before the next regular term of the court" prepare
the judgment-roll?

In Jackson County, where this litigation was initi-
ated and heard, the Circuit Court is held on the
fourth Monday in February, the fourth Monday in
May and the fourth Monday in October. The judg-
ment in this case was rendered June 11, 1925, evi-
dently at the May term of the court in that year.
Properly to make up the judgment-roll, the bill of
exceptions was required to be filed before the next
term of the Circuit Court held on the fourth Monday
in October. The notice of appeal and undertaking
were filed in the Circuit Court August 5, 1925.
There being no objections to the sufficiency of the
sureties on the undertaking, the appeal was perfected
in five days thereafter or August 10, 1925. Section
554—1 requires that the original pleadings and origi-
nal bill of exceptions shall be sent to this court by
the clerk of the Circuit Court "when an appeal is
perfected"; not at some other time in the discretion
or convenience of the appellant but at the definite
date of the perfection of the appeal. If the statute

is observed as it is written, the data was all present in the Supreme Court for the formation of abstracts under the original rule. The pleadings and bill of exceptions would disclose all the errors apparent in the record. Whereas, before the act of February 22, 1899, the filing of an abstract was not jurisdictional but solely for the convenience of the justices in examining the question in dispute, by that act, it was made an elective essential of giving this court jurisdiction to hear the case on the actual transcript or on a condensation thereof called an abstract. It is believed that this court has never made a rule respecting abstracts, as such, designed to comply with the Code on that subject. Rule 11 of the current rules, setting forth the contents of an abstract, remains substantially as it was before abstracts were known to the statute. That rule requires the appellant to "append to the abstract of each paper a reference to the page of the transcript on which it will be found." How that can be done without the actual presence in this court of the original pleadings and original bill of exceptions provided for in Section 554—1 is beyond comprehension. Much stress has been placed upon a single clause in the preface to the rules now in force, where it is said that the appellant must:

"1. File a certified copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal."

Then follows the citadel of those who contend that these papers constitute the transcript:

" * * This is jurisdictional and hence indispensable."

The part of the preface already quoted is entirely ignored by the champions of "short transcripts." It is taken as a matter of course, in that instrument, that the transcript or abstract shall contain matter disclosing the questions to be decided on appeal. For instance, this language:

"The statutory provision always has been that the only means by which the evidence can be brought into this court is a bill of exceptions, and that is part of the judgment roll. (Or. L., § 208): and hence whatever evidence is stated in the bill of exceptions necessarily appeared in a transcript or copy of the judgment roll."

Whoever wrote the preface did not intend to and did not in fact ignore the part of the statute requiring either a transcript or an abstract as well as a copy of the notice, proof of service and undertaking together with a copy of the judgment or decree appealed from. Naturally one would think that the papers, the examination of which would disclose the errors complained of would be the only ones required to confer jurisdiction, but having in mind that the appeals are entirely statutory, the author of the preface has said that these latter papers are jurisdictional and hence indispensable, but neither the preface nor the Code has ever said that the transcript or abstract thereof is not jurisdictional as well as the other conventional requirements.

In conferring upon the appellate court the authority to make rules on the subject of abstracts, the legislative power did not confer upon it the authority to dispense with any of the requisites of the statute, either as to time or subject matter. It expressly requires that the abstract authorized by those rules shall be of so much of the record as may be necessary intel-

ligibly to present the question to be decided by the
appellate tribunal. No court has any authority un-
der this statute, or any other, to ignore the plain re-
quirements of a statute. Where rules and statutes
conflict, so much the worse for the rules. An exami-
nation of the rules shows that the effort has been
toward condensation, omitting all unnecessary matter,
but they have not anywhere declared that a tran-
script shall consist only of a copy of the judgment,
notice of appeal and undertaking.

We turn now to the statute to inquire what relaxa-
tion from the strictness of the rule is permitted.
The precept embodied in Section 554, Or. L., read in
connection with Section 554—1, Or. L., is that the
appellant shall within thirty days at least after the
perfection of the appeal file a transcript or an abbre-
viation thereof called an abstract with the appellate
court and these must be accompanied by a copy of
the judgment, the notice of appeal with proof of ser-
vice thereof and the undertaking on appeal. The only
relief for this is found in subdivision 2 of Section
554 to the effect that the trial court or judge thereof,
or the Supreme Court or a justice thereof, may, upon
such terms as may be just, by order enlarge the time
for filing the transcript or abstract, but even that
clemency requires that the order to that effect must
be made within time allowed to file the transcript and
shall not extend it beyond the term of the appellate
court next following the appeal. The language could
not be plainer in putting an insuperable limit upon
the indulgence which may be granted to tardy appel-
lants. No court or judge has any authority under
this statute to extend the time for filing the desired
matter beyond the term of the appellate court next
following the appeal. Such a course is expressly

forbidden.   The limits of indulgence are plainly pre-
scribed and we ought not to disregard them.

As stated, the record shows that the judgment was
entered June 11, 1925.   At the same time there was
an order giving thirty days to file motion of new trial
and bill of exceptions.   This would extend it to and
including July 11, 1925.   The next order was not
made until July 23, 1925, when an extension of time
of sixty days was granted in which to file a bill of
exceptions.   There was, therefore, a lapse of at least
ten days in which there was no authority extant for
extending the time in which to file the bill.   The
statute expressly says that the order must be made
within the time allowed to file the transcript.   By
construction this has been held to be subject to ex-
tension provided there is no lapse but when the
periods of time fail to connect and there is an in-
terim jurisdiction is lost.   Moreover, we find, going
on further, that under no circumstances can the time
be extended beyond the term of the appellate court
next following the appeal.   As stated, the appeal
was perfected August 10, 1925, yet after the lapse
above indicated and after the expiration of the term
of this court next following the appeal, namely, as
late as February 18, 1926, we find an order extending
the time to file the abstract to any time prior to
March 1, 1926, and afterward to file additional as-
signments of error.   As a matter of fact, the so-
called bill of exceptions was not filed until June 24,
1926.   With the lapse already noted and the attempt
to file the bill of exceptions, long after the expiration
of the term of the appellate court next following the
appeal, there is clearly a failure of jurisdiction.   As
already stated, the original pleadings were not filed
in this court until October 13, 1926, although they are
expressly made a part of the transcript by Section

554—1. Plainly, this court has no jurisdiction not only because there was an interim between the periods of extension but also because the transcript was not filed until long after the expiration of the term of this court next succeeding the appeal.

Much is said in argument about the tardiness of the reporter in getting out a transcript of the testimony. So far as that is concerned the jurisdiction of this court does not depend upon and ought not to be enlarged on account of the slothfulness or inability of any stenographer. If the design was to pile up an extended record with a view of overwhelming the plaintiff, the defendant has overplayed its hand and is in no position to ask further indulgence of the court. A transcript of the testimony is not absolutely essential to a bill of exceptions. It is permissible and in all cases a necessary part only where the question to be decided is that of nonsuit or directed verdict. The rule, yet permissible, in making up a bill of exceptions is that the objections shall be stated with as much evidence or other matters as is necessary to explain it, but no more. It is yet competent to make a concise bill of exceptions and it is not the intention of the legislature for a party to pile up a garrulous and extended record when it is not necessary. If there is to be reform in judicial procedure there is ample field for such betterment within the limits of the statute.

The fallacy that has hitherto characterized the arguments and decisions tending to encourage appeals and favor appellants at the expense of respondents is to confine the term "transcript" exclusively to the copies of the notice of appeal, undertaking and judgment. Those who uphold that theory contend that the pleadings and bill of exceptions are not component parts of the transcript, but Section 554—1,

Or. L., with authority paramount over any rule or opinion, expressly says they "shall be a part of the transcript in the Supreme Court." In the true sense of the words, "transcript" and "abstract" as used in Section 554, Or. L., no rule of this court has undertaken to contradict the succeeding section and no opinion can rightly enter upon a like undertaking.

"Transcript" is a full word for word duplicate of the original documents composing the record of the Circuit Court. "Abstract" is merely an abbreviation of the same matter. For the purposes of appeal, they are equivalent. Each of them must contain "so much of the record as may be necessary to intelligibly present the question to be decided, together with," not separately, from the pseudo "short transcript." The Code does not speak of or deal with either transcripts or abstracts by piecemeal but requires a complete record: *Wolf* v. *Smith,* 6 Or. 73; *Close* v. *Close,* 28 Or. 109 (42 Pac. 128). It is not analogous to an instance of atonic labor where no one can say whether the case is in the Circuit Court or the Supreme Court. It must belong to one or the other and not to both at once.

No one pretends that the determination of whether jurisdiction attaches in a particular case or not is other than a judicial question to be decided by the courts. So far as that is concerned, every court in every case it considers either impliedly or expressly decides that it has or has not jurisdiction. But the legislative branch of the government has the power to prescribe, subject to constitutional restrictions, general rules by which the jurisdiction of this court is to be determined, and has established controlling limitations on appellate jurisdiction of this court, both as to the contents of the record on appeal and

as to the time within which such record must be filed. In any case where jurisdiction is drawn in question on the record on appeal, the court will inspect the documents proffered in support of the appeal and if, on such examination, the court, applying the canon prescribed by the legislature, determines that those instruments coincide with the statutory standard, it will assume jurisdiction. Otherwise, it will disclaim it and dismiss the appeal. This is all that is held in *Oxman* v. *Baker County,* 115 Or. 436 (234 Pac. 799, 236 Pac. 1040); *Western Land & Irr. Co.* v. *Humfield,* 118 Or. 416 (247 Pac. 143); *Sitton* v. *Goodwin,* 119 Or. 74 (248 Pac. 163, 249 Pac. 362), and other cases involving jurisdiction.

In the instant case, whether we call the data which the appealing defendant has brought here transcript, abstract or original papers, they do not comply with the statutory rules either as to subject matter or time of filing so as to give this court jurisdiction to hear the case on the merits. Hence, determining a judicial question and exercising our jurisdiction to decide that we have no jurisdiction on the merits, the appeal should be dismissed.

It being thus an instance of an abandoned appeal, a judgment should be entered not only dismissing the appeal but also affirming the judgment of the Circuit Court as against the defendant as well as against its sureties on appeal: *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496); Section 554, Or. L., subd. 3.

For the foregoing reasons, I concur in the result of the opinion of Mr. Justice RAND.

Rehearing denied June 21, 1927.

ON PETITION FOR REHEARING.

(257 Pac. 701.)

For the motion, *Mr. Gus Newbury.*

*Contra, Mr. Charles Reames.*

RAND, J.—By a very able and exhaustive petition for rehearing appellant seeks to show that the dismissal of this appeal was erroneous. Appellant cites numerous decisions of this court where it has been held that the failure to file a printed abstract within the time prescribed by the rules of this court was not jurisdictional, and that after the transcript had been filed within the time prescribed by the statute, the failure to file the printed abstract would be excused upon a sufficient showing.

In all but one of the cases cited where a transcript had been filed which consisted only of a copy of the judgment appealed from, the notice of appeal and proof of service and of the undertaking, the application for permission to file the abstract was made and the abstract was filed before the expiration of the term next following the appeal. The one exception is the case of *Quartz Gold Mining Co.* v. *Patterson,* 53 Or. 85 (96 Pac. 551). In that case the court said:

"An appeal is taken by serving and filing a notice and undertaking, followed by the filing of an abstract or transcript with the clerk of this court within the time required by law. If the transcript, so filed, is so defective that it presents no question for decision, the court on final hearing will, for that reason, affirm the judgment, but it cannot dismiss the appeal."

The record shows that that case was dismissed at the next term of this court on motion of the respondent.

The two cases principally relied upon by petitioner are *Oberlin* v. *Oregon-W. R. & N. Co.*, 78 Or. 301 (151 Pac. 367), and *Fleischner* v. *Bank of McMinnville*, 36 Or. 553 (54 Pac. 884, 60 Pac. 603, 67 Pac. 345). In the first case the appeal was perfected at the October term of this court, and on motion to dismiss permission to file the printed abstract was granted during the March term, which was the term next following the appeal. In the last case cited, the rules at that time required that the transcript itself should contain all of the judgment-roll, and this of course was sufficient to present all of the record which was necessary for a proper understanding of the questions to be decided. It will also be noted that that decision was rendered before the 1913 amendment of the statute and before the rules were amended to their present form, and that the rules then required more of the record to be included in the transcript than they now require.

10–14. Where both a transcript and an abstract are filed, the filing of a transcript is jurisdictional and the filing of the abstract is not jurisdictional: *McMahon* v. *Hull*, 63 Or. 133 (119 Pac. 348, 124 Pac. 474, 206 Pac. 3); *Sabin* v. *Owens Construction Co.*, 69 Or. 269 (138 Pac. 844); *Crane* v. *O. R. & N. Co.*, 66 Or. 317 (133 Pac. 810); *Clough* v. *Dawson*, 69 Or. 52 133 Pac. 345, 138 Pac. 233); *St. Martin* v. *Hendershott*, 82 Or. 58 (151 Pac. 706, 160 Pac. 373); *Credit Service Co.* v. *Peters*, 116 Or. 138 (216 Pac. 742), and *Lasene* v. *Syvanen* (Or.), 257 Pac. 822; and where both are filed, the transcript must be filed within thirty days after the perfecting of the appeal,

or within some extension of the time made before the expiration of the time when the transcript could be filed. Afer the filing of the transcript, the filing of the abstract, it not being jurisdictional, must be within the time prescribed by the rules of the court, and if the party whose duty it is to file the abstract makes default in filing the abstract within the time required, this court, upon a sufficient showing, may relieve him from his default and permit the abstract to be filed at any time thereafter, and the order extending the time for filing the abstract need not be made before the party is in default. This is so well settled by the former decisions of this court, that we deem any citation of authority unnecessary. However, by the filing of a short transcript, all of the requirements of the statute have not been complied with, and these requirements must be complied with before the expiration of the term next following the appeal because the language of the statute is mandatory and not directory. These requirements are that the appellant shall file ''so much of the record as may be necessary to intelligibly present the question to be decided * * and after the compliance with the provisions hereof, the appellate court shall have jurisdiction of the cause but not otherwise.'' Now, in order to comply with these provisions it is not necessary for the appellant, after filing a transcript, to file an abstract, although when he does file both, he has complied with them. If the pleadings are filed before the expiration of the term next following the appeal, the record would be sufficient to present the question of the sufficiency of the complaint, the jurisdiction of the lower court, and also the question of whether under the pleadings, one or the other of the parties would be entitled to a judgment on the pleadings and this would be sufficient for a proper

understanding of some question which might be necessary for decision, and would in itself comply with the requirements of the statute. The same would be true if after the filing of the transcript the bill of exceptions was filed, because in that way other questions would be presented for decision. Until something more than the short transcript is filed, there can be nothing in the record for decision, and therefore something more than a short transcript must be filed before the statute can be complied with. In this case there was nothing filed until after the expiration of the term next following the appeal, except the short transcript itself. This presented no question for decision and hence the statute was not complied with, and we were constrained to dismiss the appeal.

If the question of the effect which should be given to this statute had not been heretofore decided, there would be strong reason for holding that upon the filing in the Circuit Court of the notice of appeal and undertaking, with proof of service indorsed thereon and the filing in this court of a transcript consisting of a copy of such notice, and undertaking and of the judgment appealed from in strict compliance with the statute, that then the further direction of the statute requiring the appellant to file "so much of the record as may be necessary to intelligibly present the question to be decided," should be regarded as directory only. This would seem to be a proper application of the principle that where a provision of statute is not of the essence of the thing required to be done, but is a mere incident and relates only to the form and manner to be followed in some judicial proceeding, the provision after jurisdiction has been acquired, is generally re-

garded as merely directory, but in the face of the prior decisions of this court such a construction cannot now be placed upon the statute.

15. Appellant argues that the filing of the printed abstract not being jurisdictional, and this motion having been made long after the expiration of the time provided for by the rules of this court, respondent has waived the defect. Rule 23 provides that:

"All motions must be filed within ten days after a party or his attorney obtains knowledge of an alleged failure of the adverse party or his attorney to comply with the requirements of the statute or with the rules of this court, and unless so filed all defects, except objections to the jurisdiction of the court will be taken as waived by the moving party."

16. Since under the decisions of this court the statute is mandatory, the question presented here is not merely a failure to comply with the rules, which upon a sufficient showing this court could excuse, but a failure to comply with the plain requirements of the statute which cannot be disregarded. "The mode of appeal must follow the statute, and when the statute requires that the appeal shall be taken in a specified manner, it must be followed as to time, manner and the fulfilling of all the statutory directions." Brown on Jurisdiction (2 ed.), § 21a. Hence we are constrained to hold that the jurisdiction which this court acquired upon this appeal being perfected and a transcript being filed, was lost upon appellant's failure to file, before the expiration of the term next following the appeal, sufficient of the record to present some question for decision, and that because of this failure a total

want of jurisdiction resulted which necessitates the dismissal of this appeal.

The petition will therefore be overruled.

REHEARING DENIED.

BURNETT, C. J., concurs in result.

---

Objections to cost bill sustained July 12, 1927.

ON OBJECTIONS TO COST BILL.

(257 Pac. 701.)

For the motion, *Mr. Gus. Newbury.*

*Contra, Mr. Charles Reames.*

RAND, J.—17. This appeal was dismissed on motion of the plaintiff and plaintiff has filed a cost bill seeking to recover judgment for the cost incurred in the printing of its brief. Defendant objects to the allowance of that item and cites in support of its objection, *Gross* v. *Gage,* 77 Or. 421 (149 Pac. 939, 151 Pac. 655), and *Oregon Electric Ry. Co.* v. *Terwilliger,* 51 Or. 108 (93 Pac. 334, 930). The expense incurred in the printing of a brief filed upon appeal is a disbursement which the prevailing party is entitled to recover after a decision on the merits or the respondent upon the voluntary dismissal of the appeal by the appellant.

18. This appeal was dismissed because of a loss of jurisdiction resulting from defendant's failure after having filed his transcript, to further file until after the expiration of the term next following the appeal, an abstract or some other part of the record sufficient to intelligibly present any question for decision as required by the statute. This, by force of the statute, resulted in the loss by this court of

its power to hear and determine the appeal, notwithstanding that it had acquired jurisdiction over the cause by the filing of the transcript. In the first case cited this court said:

"No party respondent should be permitted to recover any item of disbursement incurred after the trial of the cause in the lower court, when his motion to dismiss an appeal for want of jurisdiction is sustained."

This was quoted with approval and followed in the case last cited. We think this rule should be applied in analogous cases where jurisdiction has been acquired by the filing of a transcript and later has been lost by appellant's failure to comply with some mandatory provision of the statute and because of which the appeal was dismissed on motion of respondent.

The item referred to must therefore be disallowed.

OBJECTIONS SUSTAINED.