Decided 15 January, 1900.

## GARBADE *v.* LARCH MOUNTAIN INV. CO.

[59 Pac. 711.]

1. APPEAL—ADDING BILL OF EXCEPTIONS TO TRANSCRIPT.—Where an appellant presented his bill of exceptions to the trial court, but it was not signed and settled until after the time limited to file objections thereto, and was then filed by order of such court *nunc pro tunc* as of the date limited for objections, the appellant, not being at fault, is entitled to have the bill certified to the appellate court, though the transcript had previously been filed.

2. RULES OF COURT—MOTION TO SUPPLY MISSING PAPERS.—A motion under Section 542 of Hill's Ann. Laws* and Rule 30 of the Supreme Court (35 Or. 587, 61 Pac. ——), for an order directing the clerk of the trial court to supply papers missing from the transcript, made after a motion to affirm because of the absence of the very papers to be supplied, is not a paper in resistance of the first motion under Rule 19, and need not be served five days before the hearing.

*NOTE.—Section 542, Hill's Ann. Laws, is as follows: "When it appears by affidavit to the satisfaction of the court that the transcript is incomplete in any particular substantially affecting the merits of the judgment or decree appealed from, on motion of the respondent the court shall make a rule upon the clerk of the court below, requiring him to certify as to such alleged omission, and, if true, to

From Multnomah : ARTHUR L. FRAZER, Judge.

Action by T. A. Garbade against the Larch Mountain Investment Company, resulting in a judgment for plaintiff, from which defendant appeals. Respondent now moves to affirm on the record, and appellant moves for a rule on the clerk of the trial court to supply defects in the transcript. Subsequently the appeal was dismissed pursuant to stipulation.

MOTION TO AFFIRM, OVERRULED.

MOTION FOR RULE ON CLERK, ALLOWED.

*Messrs Watson & Beekman* and *Joseph & Schlegel*, for appellant.

*Messrs. Woodward & Palmer*, for respondent.

PER CURIAM. This is a motion for affirmance of the judgment appealed from upon the ground that none of the matters assigned as error appear in the transcript. When it was brought on for hearing, appellant suggested a diminution of the record, and moved for a rule on the clerk of the court below, requiring him to transmit to this court a certified copy of the bill of exceptions. The respondent opposed this motion upon two grounds : (1) That he had not been served therewith five days before the hearing, as required by Rule 19 of this court ; and (2) because it was not accompanied by a showing that the transcript was incomplete. On the day of hearing, and subsequently, by leave of the court, affidavits pro and con were filed, from which it appears that respondent's attorneys were served with a copy of appellant's proposed bill

---

transmit to the appellate court a certified copy of the pleading, entry, order or other paper omitted in the transcript; or, in such case, the respondent may move to dismiss the appeal, and the court shall allow such motion unless, on the cross-motion of the appellant, it makes a rule upon the clerk concerning such omission, as provided in this section, upon such terms as may be just."—REPORTER.

of exceptions February 23, 1899 ; that they applied to the court below for, and were granted, an extension of time in which to file objections thereto until March 13, 1899 ; that within the time they submitted objections to the judge ; and that, on the twenty-fourth day of November, 1899, he allowed and signed the bill of exceptions as and for March 13, 1899, and directed the same to be filed *nunc pro tunc* as of the latter date. The transcript was filed in this court November 1, 1899, and it is insisted that it cannot now be supplemented by the bill of exceptions ; in other words, that it was complete when filed, and that the bill of exceptions is a record made subsequently, and for that reason could constitute no part of such transcript.

1.   The orderly way is to have the bill of exceptions settled and filed before the transcript comes here, so that it may be certified up as part of the record ; but the fact that it was not so settled and filed is not always vital to the appeal.  Mr. Justice THAYER, in *Ah Lep* v. *Gong Choy*, 13 Or. 205, 211 (9 Pac. 485), says : ''A party who has regularly taken exceptions at the trial, and duly tendered a statement thereof to the judge who tried the case, is entitled, as a matter of law, to have it settled and allowed.'' In the present case the bill was tendered and objections made thereto by the opposing party, all within the time extended for the purpose ; but for some reason it was not signed until a much later date, and then it was signed and settled *nunc pro tunc* as of the date when the objections were presented.  The appellant was not at fault, and was entitled to have the bill of exceptions settled, and, the judge having made a *nunc pro tunc* order, we must assume that it was properly made by his record ; hence we shall require the clerk of the court below to certify up the said bill of exceptions.

2.   The objection that respondent had not been served with five days' notice of the motion is not well taken, as

it is not a paper in resistance of his motion to affirm, under Rule 19 (24 Or. 591), but an independent application under the statute (Hill's Ann. Law, § 542), and Rule 30 of this court. As respondent's motion is based entirely upon the absence of the appellant's bill of exceptions from the record, it must be overruled, and it is so ordered.

MOTION FOR RULE ALLOWED.

MOTION TO AFFIRM OVERRULED.