Motion to dismiss appeal denied September 21, 1915.
**Argued** on the merits September 14, modified October 17, **rehearing**
denied November 27, 1916.

# ST. MARTIN v. HENDERSHOTT.*

(151 Pac. 706; 160 Pac. 373.)

**Appeal and Error—Record on Appeal—Transcript of Evidence.**

1. An appeal will not be dismissed in an equity case, although the
transcript of the testimony is not sent up, since the question of the
sufficiency of the complaint may nevertheless be considered.

**Appeal and Error—Record on Appeal—Time of Filing.**

2. Although an abstract on appeal was not filed within the time
allowed by law, the appeal would not be dismissed where the appel-
lant showed no disposition to delay the hearing.

**Appeal and Error—Review—Matters Reviewable.**

3. On motion to dismiss an appeal, the objection that the tran-
script and abstract do not intelligibly present any question to be
decided will not be considered.

## ON THE MERITS.

**Death—Presumption of Death from Absence—Statute.**

4. By Section 799, subdivision 26, L. O. L., there is a presumption
that a person, not heard from by his acquaintances or any members
of his family for more than seven years, is dead.

[As to presumption of death, see notes in 91 Am. Dec. 526; 92
Am. Dec. 704; 46 Am. Rep. 761; 104 Am. St. Rep. 198.]

**Tenancy in Common—Adverse Possession—Sufficiency of Evidence.**

5. In suit between cotenants, to set aside a decree and to partition
real property, evidence *held* insufficient to substantiate defendants'
allegation of title by adverse possession with the degree of certainty
required between tenants in common.

**Tenancy in Common—Possession of Cotenant—Presumption.**

6. Possession by one tenant in common is presumed to have been
in the interest of all others.

**Limitation of Actions—Statute of Limitations—Six-year Claim.**

7. In an action between cotenants to set aside a decree affecting
plaintiff, and to partition real property, where defendants claimed
for half the taxes admitted to have been paid by them, the allowance,
as an offset to plaintiff, of half the sum of $250 expended by her in
securing patent for the land more than six years before, was error;
the statute of limitations as to such claims having run before suit
was instituted.

*The question of presumption of death from seven years' absence
is discussed in notes in 2 L. R. A. (N. S.) 809; 28 L. R. A. (N. S.)
178; L. R. A. 1915B, 729.          Reporter.

Partition—Improvements.

8. In suit between cotenants to partition real property, plaintiff, who made improvements on the land, building an addition to the house, which was burned, could derive no benefit therefrom.

Partition—Improvements.

9. In suit between cotenants to partition the land, no allowance will be made plaintiff for trivial improvements.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by Margaret St. Martin against William M. Hendershott, Libbie E. Hendershott and Napoleon Legault, in which the plaintiff obtained a decree and defendants appeal. Plaintiff now moves to dismiss the appeal.                MOTION DENIED.

*Mr. John Bayne* and *Messrs. Richards & Richards,* for the motion.

*Mr. Horace B. Nicholas, Mr. W. C. Nicholas* and *Mr. R. W. Nicholas, contra.*

In Banc.  MR. JUSTICE EAKIN delivered the opinion of the court.

The plaintiff moves to dismiss the appeal for the reasons: (1) That the record shows that this appeal is from a decree, and the testimony, depositions and other papers containing the evidence, etc., do not accompany the transcript; (2) that the defendants failed to file their abstract within 20 days from the filing of the transcript as required by the rules of this court; and (3) the transcript and abstract do not intelligibly present any question to be decided by the court.

1. The transcript in this case consists of certified copies of the decree, notice of appeal and undertaking. This is just such a transcript as is prescribed by Section 554, L. O. L., as amended by Laws of 1913, p. 618, and is sufficient to give the court jurisdiction; but in

equity cases the transcript of the testimony must accompany the transcript. This question of dismissing an appeal for the reason that it was not accompanied by the testimony was before this court in *Neal* v. *Roach,* 61 Or. 513 (107 Pac. 475), and the court said:

"When an appeal from a decree in a suit in equity which is to be tried anew on the testimony, and no transcript thereof has been sent up, the only question that can be considered is: Does the complaint state facts sufficient to constitute a cause of suit? *Howe* v. *Patterson,* 5 Or. 353; *Wyatt* v. *Wyatt,* 31 Or. 531 (49 Pac. 855); *Morrison's Estate,* 48 Or. 612 (87 Pac. 1043). The sufficiency of the complaint, though not now challenged, is never waived, and may be objected to at the trial in this court, and, this being so, the motion to dismiss should be denied, and it is so ordered."

2. The defendants did not file their abstract within the 20 days allowed, but, as their action does not show any disposition to delay the hearing, we think they should be excused for the few days delay in its filing.

3. When the case comes up for hearing the third objection may have merit, but that cannot be considered on a motion to dismiss the appeal.

                                              Motion Denied.

---

Modified October 17, 1916.
Rehearing denied November 11, 1916.

On the Merits.

(160 Pac. 373.)

Department 2.   Statement by Mr. Chief Justice Moore.

This is a suit to set aside a decree so far as it affects the plaintiff, Margaret St. Martin, and to partition real

property. It is alleged in the complaint, in effect, that the plaintiff is the owner in fee and in the possession of an undivided one half of lots 1, 2, 3 and 4 in Section 21, township 4 south, range 1 west, of the Willamette Meridian; that the defendant Libbie E. Hendershott is the owner of the other moiety thereof; that the defendant William M. Hendershott is the husband of Libbie E., and has no interest in the land, except an inchoate right of curtesy; that the defendant Napoleon Legault holds a mortgage upon Mrs. Hendershott's interest in the premises; that in a former suit, wherein John Arquette, Michel Arquette and Margaret St. Martin, the plaintiff herein, were plaintiffs and William M. Hendershott and Libbie E. Hendershott, the defendants herein, were defendants, it was decreed that those defendants were the owners in fee simple of the entire premises, hereinbefore described, and that their title thereto was quieted as against each of such plaintiffs; that the plaintiff herein never engaged an attorney to represent her in that suit, nor did she know that she had been made a party thereto; that the attorney, naming him, who instituted the suit fraudulently neglected to appear at the trial, and the decree referred to was permitted to be given, of which this plaintiff had no knowledge until after the time to take an appeal had elapsed.

The answer admits that William M. Hendershott and Libbie E. are husband and wife; that the latter is the owner of an undivided one half of the premises; that Legault holds a mortgage upon the land; and that the decree referred to was entered. It is further substantially averred that the plaintiff ought to be estopped to controvert the validity of such decree. For another defense it is alleged that William M. and Libbie E. Hendershott are the owners in fee of the entire tract

of land described in the complaint; that they have been in the actual, open, notorious, exclusive and adverse possession of the whole of such premises for more than ten years prior to the commencement of this suit, holding the land adversely to the plaintiff and to all other persons; and such defendants have paid the entire taxes imposed upon the real property for the years 1911, 1912 and 1913, amounting to $256.36, no part of which has been repaid.

The reply denied all the allegations of new matter in the answer, except that Mrs. Hendershott was the owner of an undivided half of the land and the payment of the taxes stated. For a further reply it is alleged that in perfecting the title to the real property the plaintiff had paid out more than $250, which sum should be offset against the taxes so paid. The cause was tried, and from the testimony received the court made findings of fact and of law, and, based thereon, granted the relief prayed for in the complaint, and appointed referees to partition the land. From this decree the defendants appeal.

                    MODIFIED. REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Horace B. Nicholas, Mr. W. C. Nicholas* and *Mr. R. W. Nicholas,* with oral arguments by *Mr. Horace B. Nicholas* and *Mr. W. C. Nicholas.*

For respondent there was a brief over the names of *Mr. John Bayne* and *Messrs. Richards & Richards,* with oral arguments by *Mr. Bayne* and *Mr. O. R. Richards.*

Opinion by MR. CHIEF JUSTICE MOORE.

An examination of a transcript of the testimony convinces us that the former suit was instituted and

tried, and the decree rendered therein, without the plaintiff's consent, and that she had no knowledge thereof until the time for taking an appeal had expired.

4–6. Considering the defendants' alleged title to the entire premises by adverse possession, the evidence discloses that on July 10, 1896, a patent was issued by the United States to the heirs of Margaret Arquette, successors in interest of Louis Forcier, granting to them the real property described in the complaint. It also appears that the heirs of Margaret Arquette are her sons John, Michel, Amab and Isaac, and her daughter, Margaret, the plaintiff herein. Isaac Arquette, so far as known, had no lineal descendants, and since he has not been heard from by his acquaintances or any members of his family for more than seven years, he is therefore presumed to be dead: Section 799, subd. 26, L. O. L. Mrs. St. Martin, Mr. Hendershott and his wife, indulging this presumption, conclude the land should be apportioned to the known surviving heirs, thereby giving to each originally an undivided one-fourth of the premises. John Arquette and his brother Michel, in the year 1889 delivered possession of the real property to Hendershott, to whom on October 19, 1891, they executed a special warranty deed, purporting to convey all such land. This deed was recorded February 8, 1892. Notwithstanding the patent from the United States, evidencing a grant of the lands, was not issued until July 10, 1896, a tax was attempted to be imposed on the premises the preceding year, and by reason of the nonpayment thereof the real property was sold to P. H. Marley, and, no redemption having been made, the sheriff, on December 12, 1898, executed to the purchaser a tax deed. Marley on December 30, 1902, conveyed whatever interest he so obtained to H. L. Sagsvold. Mrs. St. Martin com-

menced an action of ejectment against Sagsvold, and obtained a judgment against him January 16, 1909, wherein it was determined she was the owner in fee simple and entitled to the immediate possession of an undivided one fourth of the real property described herein. Amab Arquette, on August 4, 1909, executed to Mrs. St. Martin a deed, conveying to her all his interest in the premises. Mrs. Hendershott, having become vested with all the title her husband had in the land, commenced a suit, February 16, 1912, against Mrs. St. Martin, alleging in the complaint that they were "tenants in common and in possession of the following described tract of land in said Marion County, Oregon, viz.," specifying the lots, section, township, range and meridian, "each owning an undivided half thereof."

Mr. Hendershott testified that he lived on the land until September, 1896, when his tenants took and held possession for him until September, 1901, when the house on the premises was burned before the ten years' adverse possession had fully run, but that Mrs. Edna Carpenter, who was then occupying the building in his right, left in another domicile on the land some household goods which she did not remove until the following January, thereby completing the full measure of the statute of limitations. He explains his several ineffectual attempts to purchase Mrs. St. Martin's interest in the real property by stating upon oath that he did not then know Mrs. Carpenter's possession fully completed the prescribed limit, thereby defeating the plaintiff's right.

It is argued by defendant's counsel that the deed, executed by John Arquette and his brother Michel to Mr. Hendershott, purporting to convey the entire premises, having been duly recorded, thereby imparted

to the plaintiff notice of the grantee's assertion of a claim to the whole tract of land, and that since the statute of limitations had fully run before he applied to purchase her interest in the real property, his mistake of fact does not prevent an enforcement of his right, and, such being the case, an error was committed in granting the relief awarded. We do not deem it necessary to consider the legal principles thus asserted, for an examination of the testimony leads to the conclusion that until the suit was instituted by John Arquette and others against Mr. and Mrs. Hendershott, they never intended to claim or assert a title by adverse possession. This deduction is manifest from an examination of the averments of the complaint in the suit brought by Mrs. Hendershott against Mrs. St. Martin to partition the land. It is also apparent from the cross-examination of Mr. Hendershott, who was asked:

"Now, you and Mrs. Hendershott don't want to claim more than that half" of the land "now do you"?

He replied:

"Yes.

"Q. Why?

"A. Because, when they started in to beat us out of our share, we were going to fight on adverse possession; never would have been any question if they hadn't attacked our rights there—not one bit; there is absolutely no question."

On redirect examination of this witness the defendants' counsel, referring to the period of limitation and to the land, inquired:

"During the ten years did you claim to own it?"

He answered:

"Why, I had a deed to the whole thing.

"Q. And you claimed to own it?

"A. Yes, sir."

82 Or.—5

Notwithstanding it might be inferred from the last reply that such a claim had been put forth during the entire period, we do not think the allegation of title by adverse possession has been substantiated with that degree of certainty that is required between tenants in common, the possession of one of whom is presumed to have been in the interest of all others: *Northrop* v. *Marquam,* 16 Or. 173 (18 Pac. 449); *Morrill* v. *Morrill,* 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155); *Wheeler* v. *Taylor,* 32 Or. 421 (52 Pac. 183, 67 Am. St. Rep. 540); *Beers* v. *Sharpe,* 44 Or. 386 (75 Pac. 717).

7. The plaintiff testified that in securing a patent for the land and thus obtaining a legal title to the premises she was obliged to expend the sum of $250, one half of which the defendants agreed to refund, but that they had not paid any part thereof. It will be remembered the reply seeks to offset such part against the claim for one half the taxes, which is admitted in that pleading to have been paid by the defendants. The patent was obtained in 1896, and more than six years, the limit of the statute in such claims, had run against the demand before this suit was instituted. That claim was therefore barred, and an error was committed in allowing any part of it as an offset.

8, 9. The testimony shows that the plaintiff made some improvements upon the land, the chief of which was an addition to the house; but, as this building was burned, the plaintiff can now derive no benefit therefrom. The other improvements were trivial, and no allowance will be made therefor.

For the error committed in offsetting the plaintiff's claim against that of the defendants, the decree is modified so as to require her, as a condition precedent

to partition of the premises, to pay to the defendants one half of $252.36, the sum laid out by them on account of taxes.

In all other respects the decree is affirmed.

                    MODIFIED.  REHEARING DENIED.

MR. JUSTICE BEAN, MR. JUSTICE BENSON and MR. JUSTICE MCBRIDE concur.