Argued on motion to dismiss appeal April 1, motion denied June 29, rehearing denied August 30, 1927, argued on the merits January 3, affirmed January 24, 1928.

# SOPHIA LASENE v. SYLE SYVANEN.

# SOPHIA JACKSON v. SYLE SYVANEN.

(257 Pac. 822; 263 Pac. 59.)

**Appeal and Error—Filing Transcript Containing Copy of Judgment, Notice of Appeal, and Undertaking With Proof of Service Authorizes Supreme Court to Prescribe Rules Permitting Subsequent Filing of Printed Abstract (Or. L., § 554).**

1. Under Section 554, Or. L., providing that within thirty days after an appeal is perfected the appellant shall file a transcript or abstract, filing a transcript containing only a certified copy of the judgment, notice of appeal and undertaking with proof of service is sufficient to give the Supreme Court jurisdiction of the cause, so as to authorize it to prescribe rules permitting the subsequent filing of a printed abstract.

**Appeal and Error—Filing of Transcript Containing Copy of Judgment, Notice of Appeal and Undertaking With Proof of Service is Jurisdictional (Or. L., § 554).**

2. Provision in Section 554, Or. L., that within thirty days after an appeal is perfected the appellant shall file a transcript containing a copy of the judgment, notice of appeal and proof of service thereof, and of the undertaking on appeal, is mandatory, and the filing of a transcript containing these papers is jurisdictional.

**Appeal and Error—Filing of Abstract Containing so Much of Record as is Necessary to Present Controversy may be Allowed Any Time Before Expiration of Term Following Appeal (Or. L., § 554).**

3. Filing of abstract containing so much of record as is necessary to present controversy is mandatory under Section 554, Or. L., but is not jurisdictional, and the Supreme Court will allow such abstract to be filed any time before the expiration of the term following the appeal, so long as the jurisdictional requirements of the statute have been satisfied.

**Appeal and Error—Where Transcript Containing Papers Specified in Statute is Filed Within Time Limit, Abstract may be Filed Later Under Supreme Court Rules, Without Regard to Statutory Time Limit (Or. L., § 554).**

4. Where a transcript containing a copy of the judgment appealed from, the notice of appeal, and undertaking with proof of service has been filed within time limit in Section 554, Or. L., a

printed abstract of record may be filed later under Supreme Court rules without any reference to provisions of the statute limiting time in which orders extending time for filing transcript must be made.

**Appeal and Error—Statutes Relating to Time and Manner of Taking Appeals must be Construed Together (Or. L., §§ 550, 554).**

5. In determining the significance of the word "appeal" in Section 554, Or. L., and Section 550, relating to time and manner of taking appeals, statutes must be construed together in so far as they relate to the same subject matter.

**Statutes—Particular Words in Statute will Bear Same Meaning Throughout Unless Different Intention Appears.**

6. Particular words or phrases repeated in statute will bear the same meaning throughout the statute unless a different intention appears.

**Appeal and Error—"Appeal" in Statute Limiting Time for Filing Abstract Held to Mean Perfected Appeal (Or. L., §§ 550, 554).**

7. "Appeal" in Section 554, Or. L., limiting the time allowed to file a transcript to the term of the appellate court next following appeal, *held*, when construed with Section 550, to limit time to term next following the perfected appeal and not to the term next following the entry of judgment in the trial court.

**Appeal and Error—After Jurisdictional Requirements of Statute have Been Complied With, Supreme Court may Extend Time for Filing Abstract Even After Appellant is in Default (Or. L., § 554; Supreme Court Rule 13).**

8. After the jurisdictional requirements of Section 554, Or. L., have been complied with, the Supreme Court may extend the time for filing a printed abstract even after the appellant is in default, notwithstanding the directory provisions of Supreme Court Rule 13.

**Appeal and Error—Supreme Court Rule Permitting Application for Waiver of Strict Compliance With Rules as to Filing of Abstract Held Directory Only (Supreme Court Rule 13).**

9. Supreme Court Rule 13, permitting an application for a waiver of strict compliance with nonjurisdictional requirements as to time limit for filing transcript or abstract, *held* merely directory rule, which Supreme Court might dispense with where justice so required.

**Appeal and Error—Where Plaintiff's Stipulation for Extension of Time for Filing Abstract was Ratified by Court, Plaintiff cannot Claim Ratifying Order was Too Late.**

10. Where plaintiff stipulated for an extension of time within which defendant might be allowed to file an abstract on appeal, and such stipulation was ratified by the Supreme Court, acting

6. See 25 R. C. L. 994.

within its jurisdiction, *held* that plaintiff cannot claim that ratifying order was too late.

**Appeal and Error—Recital in Bill of Exceptions That It was Prepared and Tendered Within Time Held Conclusive.**

11. Recital in bill of exceptions that it was prepared and tendered within the time allowed *held* conclusive upon the appellate court.

**Exceptions, Bill of—Where Delay in Filing Bill of Exceptions Within Time Limit was Due to Appellee's Objections to Trial Judge Signing Any Bill, Bill will be Reviewed.**

12. Where a bill of exceptions was prepared and tendered within time, but was not filed on time because of appellee's objections to the trial judge signing any bill of exceptions and in obtaining a hearing thereon, the bill of exceptions will be reviewed.

**Exceptions, Bill of—Bill of Exceptions Should be Filed as Soon as Possible After Appeal is Perfected (Or. L., § 554—1).**

13. A bill of exceptions should be filed when the appeal is perfected or as soon thereafter as possible, under Section 554—1, Or. L.

**Exceptions, Bill of—Filing Bill of Exceptions in Supreme Court as Soon as Possible After It Could be Signed and Certified to by Trial Judge Held not Too Late (Or. L., § 554—1).**

14. Under Section 554—1, Or. L., preparing and tendering bill of exceptions as soon as possible and filing it in the Supreme Court as soon as respondent's objection thereto could be heard and it was signed and certified to by trial judge, *held* not too late, since the statute is silent as to when it shall be filed, and no Supreme Court rule prohibits its being filed at any time.

### ON THE MERITS.

**Municipal Corporations—Lookout by Guests in Automobile Colliding With Defendant's Car Became Immaterial, Where Host Saw Defendant.**

15. In action for personal injuries sustained in automobile collision between defendant's car and that in which plaintiffs were riding as guests, question whether guest owes duty to maintain lookout and exercise some supervision over host's operation of car becomes immaterial, where host saw defendant approaching and guests apparently could not speak English.

**Municipal Corporations—Defendant's Liability Held for Jury, Where Automobile Occupied by Plaintiffs was on Through Street and Driver Attempted to Avoid Collision.**

16. In action for personal injuries sustained in automobile collision between defendant's car and that in which plaintiffs were riding as guests, in which it was shown that car in which plain-

---

11. See 2 R. C. L. 145.

tiffs rode was traveling on through street, and that driver turned to left and ran into embankment to avoid collision, denial of defendant's motion for nonsuit and directed verdict *held* not error.

Appeal and Error, 4 **C. J.**, p. 39, n. 3, p. 271, n. 23, p. 295, n. 38, p. 296, n. 40, p. 386, n. 24, p. 387, n. 35 New, p. 426, n. 89, p. 461, n. 21, p. 463, n. 33, p. 466, n. 55, p. 467, n. 68, 69, p. 515, n. 6.

Courts, 15 **C. J.**, p. 912, n. 39, p. 913, n. 41.

Motor Vehicles, 42 **C. J.**, p. 1172, n. 50, 51, p. 1173, n. 59, p. 1276, n. 7.

Statutes, 36 **Cyc.**, p. 1132, n. 79, 81.

From Clatsop: FRED W. WILSON, Judge.

In Banc.

MOTION TO DISMISS APPEAL DENIED.

For the motion, *Messrs. Norblad & Hesse.*

*Contra, Messrs. Carey & Kerr, Mr. Omar C. Spencer* and *Mr. M. K. Holland.*

RAND, J.—This is a motion to strike appellant's printed abstract of record and the bill of exceptions, upon the alleged ground that the abstract was not filed until after the expiration of the time provided for by Section 554, Or. L., and that the bill of exceptions was not prepared and tendered to the lower court within the time limited by that court, nor filed here until after the expiration of the time limited by the rules of this court.

The judgment appealed from was entered in the Circuit Court for Clatsop County, on August 3, 1926. The notice of appeal and undertaking were served on September 28, 1926, and on the same day, with proof of service indorsed thereon, were filed in the lower court. No exceptions were taken to the sufficiency of the sureties and therefore as provided by Section 550, Or. L., the appeal would have become perfected on

October 3, 1926, five days thereafter, if October 3d had not fallen on Sunday, but since it fell on Sunday it became perfected on October 4, 1926, which was the first day of the October term of this court. On October 27, 1926, a transcript consisting of a certified copy of the judgment, notice of appeal and proof of service and of the undertaking, was filed in this court and within twenty days thereafter an order based on the stipulation of the parties was entered here extending the time for the filing of the printed abstract to December 15, 1926. On December 8th a like order based on a like stipulation extended the time to January 15, 1927. On January 14, 1927, a written stipulation was entered into by the parties extending the time until February 20, 1927; that stipulation was forwarded by mail but did not reach here in time for filing and for the entry of an order thereon until Monday, January 17th, at which time an order was made extending the time to February 20, 1927. On February 14, 1927, another order based on stipulation was made extending the time to March 10, 1927, and on March 9, 1927, the printed abstract was filed. The bill of exceptions was filed here on March 24, 1927.

Respondent contends: (1) That under Section 554, Or. L., the filing of a transcript which consists of nothing more than a certified copy of the judgment, notice of appeal and undertaking with proof of service, is not sufficient to give this court jurisdiction of the cause so as to authorize the court to prescribe rules permitting the subsequent filing of a printed abstract; (2) that under said section the time for filing a transcript or printed abstract cannot be extended beyond the term of this court next following the entry of the judgment of the lower court, and

(3) that under its rules this court had no authority to make the order of January 17th extending the time for filing the abstract, since the time extended by the former order had expired on January 15th.

1. The first contention has so often been made and denied by this court that it ought no longer to be the subject of controversy by anyone. In *Clough* v. *Dawson,* 69 Or. 52 (133 Pac. 345, 138 Pac. 233), on a motion to dismiss the appeal on this particular ground, this court said: "The record before us includes certified copies of the notice of appeal, the undertaking therefor, and the decree that was given, thereby conferring upon this court jurisdiction of the cause." In *St. Martin* v. *Hendershott,* 82 Or. 58 (151 Pac. 706, 160 Pac. 373), this court again said: "The transcript in this case consists of certified copies of the decree, notice of appeal and undertaking. This is just such a transcript as is prescribed by Section 554, L. O. L. (now Sec. 554, Or. L.) as amended by Laws of 1913, page 618 and is sufficient to give the court jurisdiction." To the same effect, see *Mac-Mahon* v. *Hull,* 63 Or. 133 (119 Pac. 348, 124 Pac. 474, 126 Pac. 3), *Credit Service Co.* v. *Peters,* 116 Or. 138 (216 Pac. 742), and *Walker* v. *Firemen's Fund Ins. Co.,* 122 Or. 179 (257 Pac. 701). See, also, *Crane* v. *Oregonian R. & N. Co.,* 66 Or. 317, 325 (133 Pac. 810).

Section 554, Or. L., provides that:

"Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judg-

ment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; * * 2. If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

2-4. Under this statute, in the absence of an order extending the time, the transcript must be filed within thirty days after the appeal is perfected, but the statute provides that the time for filing the transcript may be extended if made within the time in which the transcript may be filed, and if so extended, subsequent orders making further extensions must also be made within the time previously granted or the right to an appeal is lost. This necessarily results from the mandatory provisions of the statute. The statute contains no definition of a transcript, but it does provide that whether a "transcript or such an abstract as the law or the rules of the appellate court may require" is filed it must contain a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof and of the undertaking on appeal. Since the judgment, notice and undertaking are specifically named in the statute, the filing of a transcript containing them is jurisdictional, and since no other papers are named in the statute, the filing of no other papers with the transcript is jurisdictional, but the statute provides that the appellant shall file a transcript or such an abstract as the law or the rules of the appellate court may require of so

much of the record as may be necessary to intelligibly present the question to be decided, and since this latter provision is mandatory but not jurisdictional and there is no prohibition against the filing of both a transcript and an abstract and the statute recognizes the power of the court to make rules governing the same, and the court has made such rules requiring that the abstract shall contain that part of the record which the court deems to be essential to a proper understanding of the questions to be decided, a compliance with the rules is all that is essential to an appeal. The only limitation contained in the statute is that the filing of so much of the record as may be necessary to intelligibly present the question to be decided must be filed before the expiration of the term next following the appeal. When the requirements of the statute in that respect and the rules of this court have been complied with, that is to say, when a transcript consisting of the papers referred to has been filed and subsequently, and before the expiration of the term. next following the appeal, such an abstract as the rules require has been filed, everything has been done which the statute or the rules require to be done. And since the filing of the abstract, if filed before the expiration of the term next following the appeal is not jurisdictional, it follows that when a transcript has been filed in conformity with the requirements of the statute and the court has thereby acquired jurisdiction of the cause, the court then by rule may provide for extensions of time for filing of the abstract without any reference to the provisions of the statute in respect to the time in which orders extending the time for filing the transcript must be made. The transcript and abstract are different things and accomplish different purposes, and by the

filing of both, if the abstract is filed before the expiration of the term next following the appeal, all of the provisions of the statute have been complied with.

As we have shown the undertaking on appeal was served on respondent on September 28, 1926, and the appeal became perfected on October 4, 1926. October 4, 1926, was the first day of the October term of this court and that term did not expire until the commencement of the March term, 1927, which term commenced on March 7, 1927. Hence the order permitting the abstract to be filed did not extend the time beyond the expiration of the term next following the appeal, and therefore no statutory provision prohibited its being filed on that day unless the word "appeal" is used in a different sense in Section 554 from that in which it is used in Section 550. Section 550, Or. L., provides that:

"An appeal shall be taken and perfected in a manner prescribed in this section and not otherwise: * * Within five days after the service of said undertaking the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto; * * From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected."

5-7. Sections 550 and 554, in so far as they relate to the same subject-matter, must be construed together. The word "appeal" is used in both statutes, and there is nothing in the body of either statute or in the context or in the association in which the word "appeal" is used in both which indicates a legislative intent that the meaning of the word "appeal" as used in one section is to be given a different meaning from

that to be given to it in the other section. By one
section the appeal is to be deemed perfected when cer-
tain prescribed acts have been done, and by the other
the order shall not extend the time beyond the term
next following the appeal. It is clear that in using
the word "appeal" in these two sections, the legisla-
ture was referring to the same thing and not to two
separate and distinct things which might occur at
different times. Hence the word "appeal" as used in
both statutes will be given the same meaning in both
upon the well-recognized principle that particular
words or phrases repeated in the statute will bear the
same meaning throughout the statute, unless a differ-
ent intention appears: 2 Lewis' Sutherland on Stat-
utory Const. (2 ed.), § 399. There is no basis for
respondent's contention that the phrase "beyond the
term of the appellate court next following the appeal"
has reference to the term of the appellate court next
following the entry of the judgment in the court be-
low. The statute refers to the time when the appeal
was perfected, and not to the time when the judgment
was entered.

8-10. The contention that under the statute and the
rules of this court the court has no authority to extend
the time in which an abstract or brief may be filed un-
less the order is made before the party was in default
finds no support in the statute, or in Rule 13 to which
respondent refers. Rule 13 is merely directory and
not mandatory. In effect it provides that when for
any reason a strict compliance with the rules relating
to the preparation and service of abstracts or briefs
becomes impossible or inconvenient, the party before
he is in default may apply for an order extending
the time for filing the abstracts or briefs and then
provides that the rules will not be waived, suspended

or modified upon agreement of counsel only. The word used in the first part of the rule is "may" not "must," and the rule confers upon this court in any proper case, a discretion to enlarge the time whenever sufficient reason therefor exists, under the principle that where rules which are merely directory or which are prescribed solely for the governance of attorneys and the convenience of the court, they may be dispensed with when the ends of justice so require. In this respect they are unlike mandatory rules which must never be dispensed with where it will operate to the prejudice of the parties, or tend to unsettle the established practice of the court: 15 C. J. 913. The distinction between a rule which is merely directory and a mandatory rule is recognized in *Francis* v. *Mutual Life Ins. Co.,* 61 Or. 141 (114 Pac. 921). In the instant case as stated, the order extending the time for filing the abstract was up to and including January 15th. On January 14th the attorneys for respondent entered into a stipulation agreeing to an extension of the time until February 20, 1927, but the stipulation without anyone's fault did not reach here in time for the order to be made until the following Monday, January 17th. The filing of the abstract was not jurisdictional and hence plaintiff's stipulation when ratified by the court was binding upon him. He is therefore in no position to make this contention. Having stipulated for the order which was made, he has no right to complain. The purpose of the rule was to prevent delays and to take it out of the power of attorneys by stipulation alone to control the time in which abstracts and briefs should be filed, and to place that control in the court.

The cases relied upon by respondent of *Oxman* v. *Baker County,* 115 Or. 436 (234 Pac. 799), and *Bratt* v. *State Industrial Acc. Com.,* 114 Or. 644 (236 Pac. 478), are not in point. In the Oxman case the rule of the lower court required that bills of exceptions must be prepared and served within thirty days after the entry of the judgment unless otherwise ordered. That rule was mandatory, and this court rightly held that with such rule in force, a bill of exceptions could not be signed and settled unless prepared and tendered before the time provided for in the rule had expired or unless an extension of the time had been made before the expiration of the time provided for in the rules. The record in that case disclosed that the rule was in force, and that no extension had been made, and that the bill of exceptions had been signed in violation of the rule. In the last case a rule of the court required that notice should be given of the time set for the trial of causes in that court and without any notice and without the presence of the defendant in the case, the cause was tried and a judgment entered against the defendant. The rule in question was mandatory and vested no discretion in the trial judge to withhold from the defendant its right to be notified of the time which had been set for the trial of the cause. The facts in those cases presented an altogether different question as to the force and effect of a rule of court than that presented here, and for that reason the doctrine there followed is not applicable to the question involved here.

11. The contention that the bill of exceptions was not prepared and tendered for settlement within the time limited by the lower court is foreclosed by the recital contained in the bill of exceptions that it was prepared and tendered within the time allowed. We

think that this recital in the bill of exceptions is conclusive upon us, but notwithstanding this, we have examined the record and find that the judgment appealed from contained an order granting to defendant sixty days in which to prepare and tender a bill of exceptions, and that before the expiration of the time granted and subsequently thereafter until the time when the bill of exceptions was prepared and tendered and within the time previously granted, the parties filed stipulations and the court entered orders thereon extending the time, and that there was no lapse of time between the time previously granted for the preparation and tender of the bill of exceptions and the entry of the next order granting an extension.

12. Plaintiff also objects upon the ground that the order extending the time lapsed after the bill of exceptions had been prepared and tendered and that a time intervened thereafter before the filing of the bill without any order covering the period intervening. It is a general rule that,

" * * where an individual in the prosecution of a right does everything which the law requires him to do, and he fails to attain his right by the misconduct or neglect of a public officer, the law will protect him. *Lytle* v. *Arkansas,* 9 How. 333 (13 U. S. (L. Ed.) 153). And see the reported case. It is by virtue of this principle that it is held that where a bill of exceptions is presented to the judge for his signature, within the time required by law, and the judge neglects to sign the bill before the expiration of the prescribed time, the bill of exceptions will not be rendered invalid, and the signing of the same *nunc pro tunc* is proper." (Ann. Cas. 1913 (note), p. 914.)

This principle was followed in the case of *Garbade* v. *Larch Mountain Inv. Co.,* 36 Or. 368 (59 Pac. 711). There was no fault or neglect upon the part of the

trial judge. The delay ensuing after the bill was prepared and tendered and before it was signed and certified to was caused by plaintiff's objection to the circuit judge signing any bill of exceptions and in obtaining a hearing thereon.

13, 14. The contention that the bill of exceptions was not filed in this court until too late is without merit. Section 554—1, Or. L., provides that:

"When an appeal is perfected the original pleadings and the original bill of exceptions shall be sent by the clerk, or other proper officer of the trial court, to the clerk of the supreme court or appellate court, and shall be a part of the transcript in the supreme court or appellate court so long as it may be needed there."

Under this statute it is the duty of the clerk of the trial court to forward to this court the bill of exceptions as soon as it is settled and certified to by the trial judge. The statute is silent as to the time when it shall be filed in this court and there is no rule of this court prohibiting its being filed at any time. It should be filed when the appeal is perfected or as soon thereafter as possible, but as was said by Mr. Justice MOORE in *Robinson* v. *Robinson Cheese Co.*, 50 Or. 453 (93 Pac. 254), "A bill of exceptions cannot be incorporated into a record until it has been made a part thereof by being allowed and certified to by the judge." In the instant case the action was tried by a circuit judge from another district because of the illness of the presiding judge. This rendered the settlement of the bill of exceptions more difficult than it otherwise would have been. It also appears from the record that the court reporter, through illness, was unable to extend his shorthand notes, thereby causing a long delay. These delays were wholly without fault upon appellant's part and resulted in no prejudice to

the rights of the respondent. As soon as the bill of exceptions could be prepared, it was prepared and tendered, and as soon as respondent's objection thereto could be heard it was signed and certified to, and then pursuant to an order of this court was filed here. Its filing, therefore, was proper. We have noticed all of the objections urged, because similar motions depending upon our ruling in this case are now pending in other cases.

Thus far we have considered this appeal as if it embraced but one case. The two judgments involved here are against the same defendant, and were rendered in separate actions and separate appeals were taken, but by stipulation of the parties they were consolidated upon the appeal and are to be heard as if they had been but one action. The facts in both cases are identical and everything stated in this opinion is applicable to each case. Therefore we have treated it and disposed of it as if there were but one case.

Finding no merit in any of these contentions, the motion to dismiss the appeal is denied in both cases.

MOTION DENIED.

BURNETT, C. J., dissents.

---

ON THE MERITS.

(263 Pac. 59.)

For appellant there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Omar C. Spencer,* with an oral argument by *Mr. Marvin K. Holland.*

For respondent there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

ROSSMAN, J.—The plaintiffs were two of the three occupants in the rear seat of an automobile driven by one Ellen Saari, which came into collision with a car driven by the defendant. Each plaintiff filed a complaint; these complaints were in all matters alike except in the specifications of injury and the amounts of damages. The two cases were tried at the same time by the same jury. An appeal was taken in each case; the two cases were presented to us as one; we shall therefore indicate our views in one decision only.

The defendant concedes that Miss Saari volunteered as a kindly act to drive the plaintiffs to their homes from a cemetery where all three had attended a funeral. The two plaintiffs, together with a twelve year old girl, were seated in the rear seat while Miss Saari and another woman were in the front seat. The assignments of error particularly relied upon by the defendant are based upon instructions requested and not given and instructions given but excepted to by the defendant; all of these define the duty of a guest. Particularly the defendant contends that a guest owes a duty to maintain a lookout and to exercise some supervision over the manner in which a car is being operated by the host.

15, 16. Defendant concedes that Miss Saari saw the defendant's car when it was at least fifty feet from the intersection and when the car in which the plaintiff was riding was at least one hundred feet from the same point. Apparently there was nothing unusual about the intersection, which was in the suburbs of Astoria. Taylor Street, on which Miss Saari's car was being operated, was a through street; Hanover Street entered it at right angles but did not cross

over it. Since Miss Saari saw the defendant's car
in ample time to avoid collision with it, matters would
not have been improved had the plaintiffs also main-
tained a lookout; for had they seen the defendant's
car and apprised Miss Saari of that fact this informa-
tion would only have been cumulative; that is it would
have advised her of something which her own eyes
had informed her of. But it is very doubtful whether
the instructions upon the subject of lookout and a
guest's duty were applicable to the facts of this case.
The parties were returning from a funeral; the cur-
tains of Miss Saari's car were drawn down in such a
way that when the defendant approached it after the
collision he was unable to see the occupants; thus he
testified:

" * * Just about that time I heard a noise from
her car, a sort of hysterical wail and I asked her did
anybody get hurt, I asked her did anybody get hurt in
her car. She didn't know, the curtains was down, I
could not see who was in the car."

The plaintiffs were elderly women; one was past
sixty years of age, the other had reached the age of
sixty-seven years; the latter was a hard-working
woman who for many years had followed the occupa-
tion of a sailmaker. There was no evidence that
either one had ever driven an automobile, or was
familiar with its mechanical parts. Apparently they
were unable to speak the English language for both tes-
tified through an interpreter. There was no evidence
that Miss Saari could speak their language; she and
they were practically unknown to one another. Hence
had they desired to instruct her how to drive it is
difficult to understand how they could have communi-
cated their notions. The testimony of both plaintiffs

and defendant shows that when Miss Saari observed
the approach of the defendant's car she turned to the
left in an apparent effort to avoid a collision with de-
fendant, and ran her car into an embankment at the
end of Hanover Street. It is difficult to understand
what more would have been accomplished had the
plaintiffs undertaken to interfere in the management
of the car. We have carefully read the instructions
given by the court and those requested by the defend-
ant; we find no error.

The trial court did not err in denying the motions
for a nonsuit and directed verdict. Finding no error
in the record, the judgments of the lower court are
affirmed.                              AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.